514 P.2d 1269 (1973)
ESTATE of George THOMPSON, Deceased, Appellant,
v.
MERCEDES-BENZ, INC., Appellee.
No. 1672.
Supreme Court of Alaska.
October 19, 1973.
*1270 O. Nelson Parrish, of Parrish & Parrish, Fairbanks, for appellant.
Robert L. Eastaugh, of Delaney, Wiles, Moore, Hayes & Reitman, Anchorage, for appellee.
Before RABINOWITZ, C.J., and CONNOR, ERWIN, BOOCHEVER, and FITZGERALD, JJ.
ERWIN, Justice.
On June 16, 1967, George Thompson was killed in a one-car accident while driving his Mercedes-Benz automobile. William H. Ackiss, a passenger in Thompson's automobile, was injured.
On December 27, 1967, William Ackiss and Donna Mae Ackiss, plaintiffs, filed a complaint containing the following counts: Count I for negligence against the State of Alaska; Count II against Mercedes-Benz, Inc., for negligence; Count III in strict liability against Mercedes-Benz, Inc.; Count IV for breach of warranty by Mercedes-Benz, Inc.; Count V against the Estate of Thompson for negligence; Count VI in strict liability against the Estate of Thompson. Attorney Robert A. Parrish represented the plaintiffs Ackiss.
On January 8, 1968, an appearance was entered by the firm of Merdes, Schaible, Staley & DeLisio on behalf of the estate and apparently Mercedes-Benz. On January 18, 1968, George M. Yeager entered his appearance on behalf of the estate. The representation of the parties began to finalize when Dallas L. Phillips was substituted for Edward A. Merdes as counsel for Mercedes-Benz on January 31, 1968. Mercedes-Benz answered on April 2, 1968, and on May 13, 1968, an answer was filed on behalf of the Estate of George Thompson.
Sometime in 1969, Ackiss and the Estate of George Thompson came to some form of settlement agreement. Subsequently, Mr. Robert A. Parrish was substituted as counsel for the Estate of George Thompson on August 27, 1969. On September 4, 1969, the Estate of George Thompson moved in the superior court for leave to file a cross-claim againts Mercedes-Benz. The cross-claim contained three counts: one for negligence, another for strict liability, and finally a count alleging breach of warranty. The cross-claim contained a survival action in the name of the decedent as well as a wrongful death action. Opposition to the motion was filed by Mercedes-Benz on September 11, 1969, on the grounds that AS 09.10.070, the general statute of limitations, had run since the accident occurred on June 16, 1967. The motion to file a cross-claim was denied in a memorandum opinion and order of Superior Court Judge Warren Taylor on November 12, 1969.
This court denied a petition for review filed by the estate and the other claims *1271 were all ultimately disposed of by settlement. After judgment was entered in this case, the estate appealed the decision of the trial court denying it permission to file a cross-claim.
The sole issue that needs to be decided on this appeal is whether the estate's cross-claim was barred by a statute of limitations, or if it related back under Alaska Rule of Civil Procedure 15(c) to the date the estate filed its answer.[1]
Initially this court must decide if appellant should have been granted leave to amend its answer under Alaska Rule of Civil Procedure 15(a).[2]
Apparently, the trial court never considered this problem. Rule 15(a) provides leave to amend shall "be freely given when justice so requires." Generally, under the identical Federal Rule of Civil Procedure, leave to amend is liberally granted,[3] and in this instance the amendment was offered before trial. Still, the trial judge had discretion on whether to allow leave to amend and will have his ruling overturned only when there is an abuse of discretion.[4]
Probably the most frequent reason for denying leave to amend is that it would be prejudicial to the opposing party.[5] The prejudice can result from the opposing party being put to an added expense, a more burdensome and lengthy trial, or if the issues being raised in the amendment are remote from the scope of the original case.[6] The trial judge here did not consider any factors when denying appellant's motion to amend other than the statute of limitations. This was not the correct manner in which to consider appellant's motion for leave to amend. The court
... should consider the request for leave to amend under subsection "a" of the rule uninfluenced by whether, under Rule 15(c), the amendment would or would not relate back, and that once the amendment has been allowed, if the defendant pleaded limitation, the court would then act upon the plea in light of the provision of 15(c)... .[7]
We hold that under Alaska Civil Rule 15(a) the appellant should have been granted leave to amend since there was no showing that the amendment would have resulted in an injustice. Because the appellee did raise the statute of limitations argument, the next step for the trial judge *1272 would be to determine whether the cross-claim related back under Alaska Civil Rule 15(c).
Appellant argues that under Rule 15(c) the cross-claim relates back to when the original answer was filed and is not barred by either of the relevant statutes of limitations.[8] We agree and feel any other result would be in conflict with the liberal interpretation this court has given the civil rules in the past.[9]
Appellee Mercedes-Benz initally argues that the purported cross-claim did not amend any original pleadings, and this is not an amendment for purposes of Civil Rule 15(a) or (c). Alaska Rule of Civil Procedure 15(c) provides in pertinent part:
(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
Appellee seems to contend that because Civil Rule 15 does not specifically state that an addition of a cross-claim to an answer is an amendment, Civil Rule 15(c) is inapplicable. If that were true, appellant's cross-claim could not relate back to the date the original answer was filed. We find that this position untenable. First, appellee has not shown this court how an added cross-claim could logically be characterized an anything other than an attempt to amend the answer.[10] Once the estate filed its answer there was no feasible way to introduce a cross-claim other than a Civil Rule 15 amendment. The estate is not required to file a separate action to raise the claims set forth in the cross-complaint.[11] Therefore, we conclude that when the estate attempted to add its cross-complaint to its original answer this was an attempt to amend its original pleadings and is governed by the requirements set forth in Civil Rule 15(c).
Appellees also argue that the cross-claim does not relate back under Civil Rule 15(c) because it states a new and different action. Rule 15(c) cautions that an amendment will only relate back if it "arose out of the conduct, transaction or occurrence set forth ... in the original pleading... ." While we agree with appellee that an amendment must arise from the same transaction as the original pleading,[12] we do not feel the *1273 facts in this particular case indicate that the appellant's proposed amendment arose from a different transaction.
In December of 1967, Mercedes-Benz was served with a complaint by the plaintiffs Ackiss. In the same complaint the estate was also named as a defendant in the aforementioned automobile accident. The estate's answer was filed on May 13, 1968, and did not contain a cross-claim. The proferred cross-claim concerned the same accident which was the subject of the original answer. The problem of whether a cross-claim can relate back to when the original answer was filed is one of first impression for this court, and is complicated by the fact that neither counsel nor this court could locate authority on the precise issue. However, guidance may be taken from authorities dealing with analogous questions and the policy behind the relation-back doctrine.
The relation-back rule has been very liberally applied.[13] One commentator has stated that the theory behind Civil Rule 15(c) is that, "[a] party who is notified of the litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford... ."[14] Cross-claims will be allowed "in the absence of a showing of injustice to someone or a delay of the trial" where there is no express rule of court imposing a limitation on the time that cross-claims must be filed.[15]
A question analogous in many respects to that in the case at bar is whether an omitted compulsory counterclaim introduced under Civil Rule 13(f)[16] relates back to the date the original answer was filed. In Stoner v. Terranella[17] the Sixth Circuit held that since omitted counterclaims are specifically dealt with in Rule 13(f), the general amendment provisions of Rule 15(a) and (c) did not apply. The court stated:
We conclude that the remedies provided by the two rules are mutually exclusive in the sense that an amendment asserting a previously omitted counterclaim, such as was attempted in the instant case, is made pursuant to Rule 13(f) and not Rule 15(a). Consequently, since Rule 15(c) is applicable only to amendments made pursuant to Rule 15(a), amendments made pursuant to Rule 13(f) do not relate back to the original pleadings.[18]
There is some disagreement on this analogous relation-back question and some criticism has been directed at the result in Stoner. Professors Wright and Miller made the following criticism of Stoner:
Under closer scrutiny, the Stoner decision appears very dubious. It is somewhat inconsistent to conclude that after the limitations period has run plaintiff may allege an additional claim for relief arising from the conduct, transaction, or occurrence involved in his original claim and that it will relate back under Rule 15(c), yet deny defendant an analogous opportunity by deciding that a compulsory counterclaim will not relate back unless, in a diversity case, state law would *1274 permit it to do so. Furthermore, it does not make any sense from a policy perspective to allow a person who has marshalled his evidence and commenced an action to use the statute of limitations to protect himself against the assertion of a counterclaim that arose from the same transaction or occurrence... . The strong liberal amendment policy expressed by Rule 15 ... indicate[s] that an omitted counterclaim should relate back provided it arose from the same conduct, transaction, or occurrence set forth in the original pleading.[19]
At least one court has rejected the Stoner analysis. In Butler v. Poffinberger,[20] the court held Rule 15(c) was meant to encompass all amendments authorized by the Federal Rules. It has also been stated that Civil Rule 13(g),[21] which pertains to cross-claims against a co-party, "must be read in conjunction with other federal rules."[22] We are persuaded that the correct rule is that a counterclaim should relate back under Civil Rule 15(c), if it arose from the same transaction, and that the same test should be applied to an omitted cross-claim. The appellee was on notice of the pending suit arising out of the accident and should not now be allowed to use a statute of limitations to cut off the appellant's claim for relief.[23]
Appellee's last argument against allowing appellant's cross-claim to relate back is that Civil Rule 15(c) does not apply to a wrongful death cross-claim. As mentioned supra the appellant's cross-claim contained a claim for wrongful death as well as a survival action in the name of George Thompson. Mercedes-Benz contends that the time limitation set out in AS 09.55.580 is substantive, not procedural; once the time expires so does the right. We are not persuaded by this technical distinction. Civil Rule 15(c) concerns claims arising from the "same transaction." The transaction in question is the automobile collision. The fact that appellant included a wrongful death claim in the cross-claim did not alter the basic transaction from which that claim arose.[24] Appellee as a co-defendant was already notified of the litigation concerning the accident and was not prejudiced by the relation-back of appellant's cross-complaint, including the portion *1275 dealing with the wrongful death claim.[25]
Accordingly, this case is reversed and remanded with instructions to the trial court that the estate's cross-claim may be added by amendment.
NOTES
[1] The appellant has raised several other issues for review, but we need not decide them on appeal. The issue set out above is dispositive of the case.
[2] Alaska R.Civ.P. 15(a) provides:

Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty (20) days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.
[3] Davis v. Yellow Cab Co., 35 F.R.D. 159, 161 (E.D.Pa. 1964); 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1473, at 376 (1971).
[4] Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962); In Re Westec Corp., 434 F.2d 195, 203-204 (5th Cir.1970); Fox v. City of West Palm Beach, 383 F.2d 189, 195 (5th Cir.1967); Merrill v. Faltin, 430 P.2d 913, 915 (Alaska 1967).
[5] 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1487, at 428 (1971).
[6] Id. at 428-435.
[7] Ackerley v. Commercial Credit Co., 111 F. Supp. 92, 97 (D.N.J. 1953). By citing Ackerley we do not intend to suggest that a court in considering a motion to amend should not, when practicable, dispose of a statute of limitations question under Rule 15(c) at the same time that it determines whether the amendment should be allowed under Rule 15 (a). We have cited the case to illustrate the two points that must be analyzed in passing on such motions.
[8] The cross-claim contained a wrongful death claim as well as a survival action brought on behalf of the estate. The relevant statutes of limitations are listed below.

AS 09.10.070 provides:
Actions to be brought in two years. No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.
AS 09.55.580 provides in pertinent part:
Action for wrongful death. (a) When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death... .
[9] See State v. Abbott, 498 P.2d 712, 729 (Alaska 1972); Burns v. Anchorage Funeral Chapel, 495 P.2d 70, 75-76 (Alaska 1972).
[10] We note that appellant's attempt to add a cross-complaint is not a supplemental pleading under Civil Rule 15(d). In this instance nothing in the cross-claim set out "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented... ."
[11] Civil Rule 13(f) allows an omitted counterclaim to be added to a complaint by amendment under certain conditions. We see no reason why an omitted cross-claim cannot be added to an answer by amendment.
[12] Hale v. Ralston Purina Co., 432 F.2d 156, 159 (8th Cir.1970); Griggs v. Farmer, 430 F.2d 638, 639 (4th Cir.1970); Murray B. Marsh Co. v. Mohasco Indus., Inc., 326 F. Supp. 651, 653 (C.D.Cal. 1971); Burns v. Anchorage Funeral Chapel, 495 P.2d 70, 75 (Alaska 1972); 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1497, at 489 (1971); 3 J. Moore, Federal Practice § 15.15 [3] (2d ed. 1972).
[13] Hammond-Knowlton v. United States, 121 F.2d 192, 200 (2d Cir.1941); E. Sunderland, The New Federal Rules, 45 W. Va.L.Q. 5, 15 (1938).
[14] 3 J. Moore, Federal Practice § 15.15 [3], at 1025 (2d ed. 1972) (footnote omitted).
[15] Fogel v. United Gas Improvement Co., 32 F.R.D. 202, 203 (E.D.Pa. 1963). In this case it is undisputed that Mercedes-Benz knew about the litigation regarding the automobile accident before the expiration of the applicable statutes of limitations because they were preparing to defend suit brought by the plaintiffs Ackiss regarding the same accident. It is also clear that the answer of the appellant was filed before the expiration of either of the applicable statutes of limitations.
[16] Alaska R.Civ.P. 13(f) provides:

Omitted Counterclaim. When a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.
[17] 372 F.2d 89 (6th Cir.1967).
[18] Id. at 91 (citations omitted).
[19] 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1496, at 487-88 (1971).
[20] 49 F.R.D. 8, 10-11 (N.D.W. Va. 1970).
[21] Civil Rule 13(g) provides:

Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.
[22] 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1432, at 176 (1971).
[23] This court discussed a problem somewhat similar in Burns v. Anchorage Funeral Chapel, 495 P.2d 70 (Alaska 1972). In Burns an administrator sued a funeral parlor alleging that a decedent had been prematurely embalmed and that the right of the next of kin to preserve the body of the decedent was wrongfully interfered with. The court held the administrator was not the real party in interest and therefore had no claim against the funeral parlor. However, the court held that Burns could "amend his complaint to add the deceased's next of kin as parties plaintiff." Id. at 75. The court held the relation-back doctrine set forth in Rule 15(c) did apply since:

Anchorage Funeral was sufficiently informed of the nature of the asserted claim for relief so that no new claim for relief would have been injected by virtue of an amendment which added or substituted the next of kin as parties plaintiff... . The federal authorities hold that if the amendment is based on the same specific conduct of the defendant upon which the original claim for relief was founded, no new claim for relief is stated by the amendment. Id. at 75 (citation omitted).
[24] An amendment which changes the capacity in which a party brings an action will relate back. See Straub v. Jaeger, 9 F.R.D. 672, 674 (E.D.Pa. 1950); Fierstein v. Piper Aircraft Corp., 79 F. Supp. 217, 220 (M.D. Pa. 1948).
[25] Due to our disposition of appellee's argument under Civil Rule 15(c) we need not decide here whether the time limitation in Alaska's wrongful death statute is substantive or procedural.