Steven MAGESTRO, Appellant,

v.

STATE of Alaska, Appellee.

No. S–3223.

Supreme Court of Alaska.

Feb. 2, 1990.

Loretta G. Cieutat and William G. Azar, Anchorage, for appellant.

Stephen H. Hutchings, Venable Vt., and Gail T. Voigtlander, Asst. Attys. Gen., Anchorage, Douglas B. Baily, Atty. Gen., Juneau, for appellee.

OPINION

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

RABINOWITZ, Justice.

Magestro appeals the superior court's denial of his motion to amend his complaint pursuant to Rule 15 of the Alaska Rules of Civil Procedure. In its order rejecting the requested amendment the superior court also dismissed Magestro's action against the State of Alaska with prejudice. We reverse.

Civil Rule 15 provides, in pertinent part:

(a) ... a party may amend his pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

. . . .

(c) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading.

. . . .

Magestro's original complaint alleged that on August 10, 1986, while operating a river boat on the Talkeetna River, Magestro struck a submerged rail car and received injuries as a result of the collision. It was further alleged that pursuant to 45 U.S.C. § 1203, the State of Alaska was

responsible for the Alaska Railroad's negligent placement of the box car in the Talkeetna River.[1] Of particular significance to the resolution of the issues in this appeal are the allegations of Count II of the original complaint. There it was alleged in part that the defendants

> knew of other accidents that had taken place involving this railcar; that is, they knew it was submerged in the Talkeetna River; they knew that other users of boats had hit this submerged railcar and that these accidents had either caused property damage, personal injuries or both ... and likewise the State of Alaska had not taken any action to remove the railcar from the Talkeetna River.

After the statute of limitations had run,[2] Magestro sought leave pursuant to Rule 15 to amend his original complaint to allege negligence on the part of the State of Alaska[3] and to add an allegation against the State as owner of the riverbed. In his amended complaint, Magestro alleged:

> The State of Alaska owns the Talkeetna River, a navigable river in the State of Alaska and had a duty to keep it free of all man-made obstructions which pose a danger to navigation, particularly close to the village of Talkeetna where this accident occurred. The State breached this duty. As stated above, the plaintiff struck the railcar with his boat in the river on August 9, 1986, and was seriously injured.... [4]

We review denials of leave to amend under an abuse of discretion standard. *Shooshanian v. Wagner,* 672 P.2d 455, 458 (Alaska 1983); *Estate of Thompson v. Mercedes-Benz, Inc.,* 514 P.2d 1269, 1271 (Alaska 1973). The trial court's exercise of its discretion in such matters will be overturned only if we are left with a "definite and firm conviction" that the court erred. *Betz v. Chena Hot Springs Group,* 742 P.2d 1346, 1348 (Alaska 1987).

In *Estate of Thompson,* we discussed the relationship between subsections (a) and (c) of Rule 15, and held that a reviewing court should first

> consider the request for leave to amend under subsection "a" of the rule uninfluenced by whether, under Rule 15(c), the amendment would or would not relate back, and once the amendment has been allowed, if the defendant pleaded limitation, the court would then act upon the plea in light of the provisions of 15(c).

*Id.* at 1271. Leave to amend under Rule 15, subsection (a) has traditionally been freely given. *Wright v. Vickaryous,* 598 P.2d 490, 495 (Alaska 1979). *See also Betz,* 742 P.2d at 1348.

In reaching our conclusion that leave to amend should have been granted to Magestro under subsection (a) of Rule 15 we are persuaded that no showing has been made that allowance of the amendment would have resulted in injustice to the State. Analysis of the relevant provisions of the original and proposed amended complaint, set forth above, persuades us that the State's claim of surprise is without merit. The State is named as a defendant in both the original and amended complaints, and from the outset was apprised

---

1. It was more specifically alleged that the negligence of the Alaska Railroad consisted of:

    (a) Negligently placing a rail car in the river knowing that it posed a hazard to boat traffic.

    (b) Negligent failure to warn users of the river that the railroad car was submerged beneath the water which posed a dangerous hazard to boat users of the Talkeetna River.

    (c) Negligent failure to remove said rail car.

    (d) Negligent placement of said railcar.

2. The two-year limitations period of AS 09.10.-070 governs the tort claims asserted in this litigation.

3. In contrast, Magestro's original complaint alleged that the State was vicariously liable for the actions and omissions of the Alaska Railroad.

4. The amended complaint alleged that the State breached its duty of care in that it
    ....
    (b) Knew that the railroad car had been placed in the Talkeetna river; or
    (c) Should have reasonably known that the railway car had been placed in the Talkeetna River, but negligently did not take steps to warn of the submerged rail car or remove it.
    (d) Prior to August 9, 1986, ... boats had hit the submerged railcar and the State knew or should have known of these accidents.

of the facts underlying this occurrence as well as its potential liability for the accident. Furthermore, weighing the degree of prejudice to the State against the resultant hardship to Magestro if amendments are denied leads us to the conclusion that the amendments should have been allowed.[5]

■ Since the State properly raised the statute of limitations defense, we must next determine whether the proposed amendments relate back under Rule 15(c) and thus escape the bar of the two-year statute of limitations. We have often reiterated that relation back under Rule 15(c) must be "very liberally" construed, absent prejudice to the party opposing the amendment. *E.g.*, *Betz*, 742 P.2d at 1351 (relation back doctrine very liberally applied); *see also Estate of Thompson*, 514 P.2d at 1272–1274.

The gist of the State's argument as to this issue is that relation back is inapplicable where the original claim is predicated solely on a theory of vicarious liability and the amended complaint alleges only a personal liability theory. More specifically, the State makes two arguments in support of its position that Magestro's amended claims should not be permitted to relate back. First, it argues that the claims asserted in the proposed amended complaint are new claims and thus cannot relate back under Rule 15(c), which requires that the amendment pertain to the same "conduct, transaction or occurrence." Second, the State argues that there should be no relation back because the original complaint did not give the State notice that it might be exposed to claims for personal liability. We reject both of these arguments.

Study of the above-quoted sections of the original and proposed amended complaints demonstrates that Magestro is not seeking to allege new claims. As noted previously, the State was named as a defendant in the original complaint, although its claimed liability in the amended complaint is based in part upon a different legal theory. The fact that a new legal theory or new claim is advanced in the amended complaint, based on the same factual occurrence set out in the original complaint, has not heretofore been considered a reason for denying leave to amend under Rule 15(c). *See generally, Betz*, 742 P.2d 1346; *Wright*, 598 P.2d 490; *Estate of Thompson*, 514 P.2d 1269.

Assuming Magestro's proposed amended complaint does in fact allege a new theory of legal liability, this liability was unambiguously predicated upon the same basic underlying factual occurrence that was alleged in the original complaint.[6] Magestro's original complaint gave the State notice of its potential liability based on a claim that the State had knowledge of the location of the submerged railcar; that the State knew that accidents had occurred at the situs of this underwater hazard; and that the State had failed to warn of, or to remove this obstacle to navigation from the bed of the Talkeetna River. The allegations of Count II of the original complaint, heretofore set out, can be read as alleging a claim for relief against the State based upon the State's own negligence.

Finally, we reject the State's argument that Magestro's Rule 15(c) motion should be disallowed because it failed to give the State timely notice of a change of legal theories. We have held that "[a] party who is notified of the litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation intended to afford...." *Estate of Thompson*, 514 P.2d at 1273. In the case

---

5. We have adopted and reiterated the liberal amendment policy articulated by the United States Supreme Court in *Foman v. Davis*:

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires".... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test this claim on the merits.... The leave

sought should, as the rules require, be "freely given."
371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), *quoted in Betz*, 742 P.2d at 1348 and in *Wright*, 598 P.2d at 495.

6. *See Graboi v. Kibel*, 432 F.Supp. 572 (S.D.N.Y. 1977).

at bar the original complaint gave the State notice of the facts of the underlying occurrence prior to the running of the two-year statute of limitations. Thus we conclude that the State has been given "all the notice that the statutes of limitation are intended to afford."

REVERSED and REMANDED for further proceedings consistent with this opinion.