Frank G. BROWN, Sr., Appellant,

v.

Richard ELY; Milton Haken; Hoonah Police Department; John Does 1–10; Doe Corporations 1–10; and Doe Partnerships 1–10, Appellees.

No. S–8763.

Supreme Court of Alaska.

Dec. 15, 2000.

Paul H. Grant, Juneau, and Jack Schweigert, Honolulu, HI, for Appellant.

T.G. Batchelor, Batchelor & Associates, P.C., Juneau, for Appellees.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

EASTAUGH, Justice.

### I. INTRODUCTION

After police searched Frank Brown's home for marijuana, he filed a federal Civil Rights Act suit under 42 U.S.C. § 1983, alleging that the search violated Alaska's constitutional right to privacy. Because the search violated no federal right and because the state right Brown invokes would directly conflict with federal law, we hold that the superior court correctly dismissed Brown's § 1983 claim. But we also conclude that it was error to deny Brown an opportunity to assert a state law claim against the city police chief who authorized the search. We therefore affirm in part and reverse in part. We also vacate defendants' Civil Rule 82 award of partial attorney's fees.

### II. FACTS AND PROCEEDINGS

On February 8, 1995, State of Alaska Fish and Wildlife Protection Officer Andy Savland and Hoonah City Police Officer Richard Ely went to Frank Brown's Hoonah home to investigate a game violation. As Officer Savland stood outside and questioned Brown's wife,[1] he detected a suspicious aroma wafting from inside the home. The officers conferred, concluded that the smell was marijuana, and questioned Mrs. Brown about the odor. She told them that Brown had been

---

1. There is apparent confusion in the record over whether this woman was actually Brown's wife. Brown holds her out as his wife in his briefs. Her exact relationship to Brown is not important, and the opinion refers to her as his wife for clarity.

smoking marijuana. The officers then questioned Brown, who admitted to smoking marijuana. The officers asked permission to search the residence, but Mrs. Brown refused.

Officers Savland and Ely consulted with Hoonah City Police Chief Milton Haken, who suggested that they seek a search warrant. The magistrate issued a warrant authorizing the officers to search Brown's residence for marijuana and marijuana paraphernalia. Chief Haken then instructed Officer Ely to ask Hoonah City Police Officer Michael See to assist in the search. Officers Ely, See, and Savland returned to Brown's residence and searched the property, but found no marijuana or marijuana paraphernalia.

Brown was cited for violating AS 11.71.060(a)(1), misconduct involving a controlled substance in the sixth degree. When he appeared in court on February 21, 1995, the court appointed counsel for him, and he was released on his own recognizance. Brown's counsel soon filed a motion to dismiss. The prosecutor dismissed the charges twelve days later.

■■■ On February 5, 1997, Brown filed a complaint for damages, alleging that the February 8, 1995 search and seizure violated his rights to "privacy and to be free from unreasonable searches and seizures." His complaint alleged a cause of action under 42 U.S.C. §§ 1983 and 1988. It named Officers Ely, Haken, and the Hoonah Police Department as defendants (collectively "defendants") and also named several "John Doe" defendants.[2]

On September 29, 1997, Brown moved for leave to file an amended complaint. Brown sought to add a new defendant, the City of Hoonah, to add a new claim for malicious prosecution, and to delete the "John Doe" defendants. The superior court granted Brown's request to delete the "John Doe" defendants but denied his request to add the new claim and the new party. The superior court granted summary judgment to defendants and dismissed all of Brown's claims.

Defendants moved for full attorney's fees under 42 U.S.C. § 1988 and alternatively moved for partial fees incurred defeating Brown's motion to amend under Alaska Civil Rule 82. The superior court denied defendants' § 1988 fees request, but awarded partial fees of $5,605.20 under Rule 82.

## III. DISCUSSION

### A. Standard of Review

■■■ We review grants of summary judgment de novo and will affirm if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[3] We draw all reasonable inferences of fact from the proffered evidence "against the moving party and in favor of the nonmoving party."[4]

■■■ The elements and defenses to a federal cause of action are defined by federal law.[5] Thus, we look to federal law to determine the scope of Brown's rights and defendants' qualified immunity.[6]

■■■ A decision to grant or deny a motion to amend after the initial limitations period has passed under Alaska Civil Rule 15(a) is a matter within the broad discretion of the trial court and is reviewed for abuse of discretion.[7] We exercise our independent

---

**2.** State officials acting in their "official capacity" are not "persons" for the purposes of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Ely and Haken are not state officials but are officials of the City of Hoonah. Local government officials sued in their official capacity are "persons" under § 1983 when a local government is suable in its own name. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**3.** See Lane v. City of Kotzebue, 982 P.2d 1270, 1272 (Alaska 1999).

**4.** Taranto v. North Slope Borough, 909 P.2d 354, 355 (Alaska 1996).

**5.** See Howlett v. Rose, 496 U.S. 356, 375–76, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990).

**6.** See Van Sandt v. Brown, 944 P.2d 449, 452 n. 5 (Alaska 1997).

**7.** See Rutledge v. Alyeska Pipeline Serv. Co., 727 P.2d 1050, 1054 (Alaska 1986).

judgment when interpreting a civil rule.[8]

An award of attorney's fees under Alaska Civil Rule 82 "will be overturned only upon a showing of abuse of discretion or a showing that the award [was] manifestly unreasonable." [9]

B. *The Superior Court Correctly Granted Summary Judgment Against Brown on His § 1983 Claims.*

Brown pled a civil rights claim under 42 U.S.C. § 1983, alleging that defendants violated his Fourth Amendment rights under color of state law.[10] It is undisputed that defendants, acting as uniformed officers of the Hoonah Police Department, acted "under color of state law." In reviewing defendants' summary judgment, we must therefore decide whether the allegations in Brown's complaint encompassed any federal constitutional or statutory violations.[11]

Brown asserts that, if our decision in *Ravin v. State*[12] "is still good constitutional law," the Alaska Constitution protects his right to possess and consume marijuana in his home. He also argues that recently-amended AS 11.71.060, which prohibits all use of marijuana, is unconstitutional in light of *Ravin.* He therefore argues that defendants' observations that he had used marijuana did not provide them probable cause to search his residence. He claims that this lack of probable cause rendered the search unreasonable under the Fourth Amendment.[13]

In 1975 this court held in *Ravin* that the interest of the State of Alaska in regulating the use of marijuana in the home was not sufficient to overcome the fundamental right to privacy article II, section 22 of the Alaska Constitution provides adult citizens.[14] We have not overruled *Ravin.*[15] In 1982 the Alaska legislature codified *Ravin* by amending AS 11.71.060 to legalize possession of up to four ounces of marijuana in a private place.[16] But in 1990 the voters passed an initiative re-criminalizing all use and possession of marijuana.[17] The legislature consequently amended AS 11.71.060 in 1990 to re-criminalize the possession of four ounces or less of marijuana in a private place.[18] We have yet to address any conflict between *Ravin* and AS 11.71.060.[19]

Brown claims that the question of whether he suffered a federal civil rights violation depends solely on the contours of his right to use marijuana under state law. Defendants argue that a claim arising from state law is not actionable under § 1983. Brown responds that resort to state law to determine federal rights is commonplace in § 1983 litigation and that state law can define the boundaries of federal rights.

---

**8.** *See Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991).

**9.** *Feichtinger v. Conant*, 893 P.2d 1266, 1268 (Alaska 1995).

**10.** 42 U.S.C. § 1983 (1994 & Supp.II 1996) provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**11.** *Cf. Thoma v. Hickel*, 947 P.2d 816, 819 (Alaska 1997).

**12.** 537 P.2d 494 (Alaska 1975).

**13.** The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV.

**14.** *See Ravin*, 537 P.2d at 504–12.

**15.** *See generally* Andrew S. Winters, Note, *Ravin Revisited: Do Alaskans Still Have a Constitutional Right to Possess Marijuana in the Privacy of Their Homes?*, 15 Alaska L.Rev. 315 (1998).

**16.** *See* ch. 45, § 2, SLA 1982; Winters, *supra* note 15, at 315.

**17.** *See* 1990 Initiative Proposal No. 2, § 1; Winters, *supra* note 15, at 326–27.

**18.** *See* Init. Meas. 88 MARI, SLA 1990; AS 11.71.060; *see also* Winters, *supra* note 15, at 327.

**19.** *See* Winters, *supra* note 15, at 340.

State law may create federal liberty interests under the Fourteenth Amendment,[20] and in some circumstances, determine the validity of a search and seizure.[21] But here the right allegedly protected by state law—private marijuana possession—is expressly prohibited by federal law.[22] Defendants had probable cause under federal law to search Brown's residence based on Brown's admission that he had been smoking marijuana.[23] Therefore, the officers did not perform an illegal search under the Fourth Amendment, regardless of whether Alaska law provides additional protections.[24]

Furthermore, Officer Ely or Chief Haken could have referred the search results to a federal prosecutor who could have prosecuted Brown under federal law. Under those circumstances, Brown would have no § 1983 claim. Brown's attempt to extend § 1983 protection to conduct that is explicitly criminal under federal law must fail.

Thus, violating rights recognized in *Ravin* does not generate a cause of action under § 1983. We therefore rule that Brown's complaint does not state a § 1983 cause of action. This failure to state a permissible § 1983 claim eliminates the need to address defendants' qualified immunity arguments and moots Brown's request to add a § 1983 claim against the City of Hoonah.

### C. *Brown Did Not Successfully Allege a State Law Constitutional Tort Claim.*

We next consider whether Brown successfully alleged a state law constitutional claim. The federal courts, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*[25] have recognized direct tort actions for violations of certain provisions of the federal constitution. We have neither adopted nor rejected the *Bivens* approach with respect to state constitutional violations.[26] We have noted that federal courts have not permitted the *Bivens* remedy if alternative remedies are available.[27]

Brown alleges that he stated an independent cause of action for a violation of his right to privacy under article I, section 22 of the Alaska Constitution. But Brown's complaint reads otherwise. The complaint states "[t]he Defendants' conduct ... violated Plaintiff's civil rights to privacy and to be free from unreasonable searches and seizures, so as to warrant relief under 42 U.S.C. §§ 1983 and 1988." Nowhere in the com-

---

**20.** *See, e.g., Richardson v. Town of Eastover,* 922 F.2d 1152, 1156–57 (4th Cir.1991) (recognizing that policies, practices, and understandings under state law could create protectable property interest in business license); *Galvan v. Carothers,* 855 F.Supp. 285, 289 (D.Alaska 1994), *aff'd,* 122 F.3d 1071, 1997 WL 542234 (9th Cir.1997) (stating liberty interest created where state regulation regarding prisoner classification for custody purposes placed substantive limits on official discretion); *see also Smith v. Sumner,* 994 F.2d 1401, 1405 (9th Cir.1993) (noting that "[p]rotected liberty interests may arise from ... the laws of the States.") (quoting *Kentucky Dep't Corrections v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)).

**21.** *See Reed v. Hoy,* 909 F.2d 324, 330 (9th Cir. 1989) (noting that state law is often relevant in analyzing reasonableness of police activities under Fourth Amendment) (citing *Tennessee v. Garner,* 471 U.S. 1, 15–16, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)); *see also Cole v. Nebraska State Bd. of Parole,* 997 F.2d 442, 444 (8th Cir.1993) ("An arrest by a state actor that is not authorized by state law is actionable under § 1983 as a seizure contrary to the Fourth Amendment."); *Bissonette v. Haig,* 800 F.2d 812, 816 (8th Cir. 1986) (en banc), *aff'd by operation of law,* 485 U.S. 264, 108 S.Ct. 1253, 99 L.Ed.2d 288 (1988) ("[A] search unauthorized by state law would ipso facto violate the Fourth Amendment.").

**22.** *See* 21 U.S.C. § 812(c)(Schedule I)(c)(10)(1999).

**23.** Under federal law, "[p]robable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *United States v. Garza,* 980 F.2d 546, 550 (9th Cir.1992) (second alteration in original) (citations and internal quotes omitted).

**24.** *See Devereaux v. Perez,* 218 F.3d 1045 (9th Cir.2000) ("[S]tate law may serve as a basis for § 1983 liability only where such violation is cognizable under federal law.").

**25.** 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**26.** *See Vest v. Schafer,* 757 P.2d 588, 598 (Alaska 1988).

**27.** *See Dick Fischer Dev. No. 2, Inc. v. Department of Admin.,* 838 P.2d 263, 268 (Alaska 1992).

plaint did Brown seek relief under the Alaska Constitution. Moreover, Brown failed to raise this issue until his reply brief on appeal and even then provided no substantive argument on why we should recognize a *Bivens*-style tort cause of action for violations of the Alaska Constitution. Consequently, Brown has waived this issue.[28]

### D. *It Was Error to Deny Brown's Request to Amend His Complaint to Add a State Law Tort Claim.*

Brown requested leave on September 29, 1997 to amend his complaint to add a malicious prosecution claim against Chief Haken.[29] The search took place on February 8, 1995. The charges against Brown were dismissed on April 10, 1995. Since favorable termination of a proceeding alleged to have been maliciously brought is an element for any malicious prosecution claim,[30] Brown's malicious prosecution claim did not accrue until that date. The two-year statute of limitations for any malicious prosecution claims

therefore expired on April 10, 1997.[31] Brown claimed that his proposed amendments related back to his timely original complaint, in accordance with Alaska Civil Rule 15(c).[32]

The amendment would have added a new claim against a defendant, Chief Haken, named in the original complaint. To relate back, a new claim must arise out of the same conduct, transaction, or occurrence alleged in the original complaint.[33] In these circumstances, Rule 15(c) receives a liberal construction [34] and not the strict construction applied when a claimant seeks to add a new party.[35] A decision to grant or deny a motion to amend is a matter within the broad discretion of the trial court.[36]

The superior court framed the issue as whether Chief Haken had adequate notice of the new claim. The court reasoned that, for Chief Haken to have received notice, Brown's original complaint must have alleged facts satisfying all legal elements of a malicious prosecution claim.[37] The court determined

---

**28.** *See Conam Alaska v. Bell Lavalin, Inc.*, 842 P.2d 148, 158 (Alaska 1992) (waiver because argument not raised until reply brief); *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980) (waiver because of insufficient briefing).

**29.** Claims against the state for malicious prosecution are barred under the state tort claims act. *See* AS 09.50.250(3); *cf. Waskey v. Municipality of Anchorage*, 909 P.2d 342, 344 (Alaska 1996). This statute does not apply here because Brown is asserting this claim against Haken individually, not as a representative of the state. *See Aspen Exploration Corp. v. Sheffield*, 739 P.2d 150, 162 n. 29 (Alaska 1987) (noting that statute provides no immunity for public officials).

**30.** *See Caudle v. Mendel*, 994 P.2d 372, 376 (Alaska 1999).

**31.** *See* AS 09.10.070(a)-(b). The statutory limitation period was three years under former AS 09.10.060(a) but this section was repealed in 1996. *See* ch. 70, § 1–3, SLA 1996. Brown's cause of action accrued in 1995 but in repealing the old statute of limitations the legislature stated "[t]his Act applies to civil actions commenced on or after the effective date of this Act regardless of when the cause of action may have arisen." Ch. 70, § 3, SLA 1996.

**32.** Alaska Civil Rule 15(c) provides:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct,

transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

**33.** *See* Alaska R.Civ.P. 15(c); *see also T.P.D. v. A.C.D.*, 981 P.2d 116, 122 (Alaska 1999); *Farmer v. State*, 788 P.2d 43, 49 (Alaska 1990) (citing *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)).

**34.** *See Farmer*, 788 P.2d at 47, 48 n. 13.

**35.** *See McCutcheon v. State*, 746 P.2d 461, 469 n. 16 (Alaska 1987).

**36.** *See Rutledge v. Alyeska Pipeline Serv. Co.*, 727 P.2d 1050, 1054 (Alaska 1986).

**37.** To prevail in an action for malicious prosecution, a party must prove that the initial proceeding "(1) terminated in his/her favor, (2) was

that Brown's original complaint alleged that the proceedings against him were terminated in his favor and were brought without probable cause but did not allege facts indicating that the proceedings were brought with malice. The court therefore denied Brown's request.

But in these circumstances Rule 15(c) focuses on the facts alleged in the original complaint, not on whether the defendant knew that the facts alleged satisfied the legal elements of the new claim. Rule 15(c) provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." [38] We stated in *Magestro v. State* that a named party given notice of the facts of the underlying occurrence has been given "all the notice that the statutes of limitation are intended to afford." [39] Accordingly, the only relevant question is whether the new claim involves the same transaction or occurrence alleged in the original complaint.

 Brown argues that his malicious prosecution claim was merely a new legal theory that fit into the facts originally pled. We agree. Brown's malicious prosecution claim arose from some of the same facts that his original complaint alleged, specifically the issuance of the criminal complaint and its subsequent dismissal. Brown's failure to allege malice with specificity does not mean that Chief Haken was not on notice of the

general facts that gave rise to Brown's malicious prosecution claim. [40] We therefore reverse the denial of Brown's motion to amend his complaint to add a claim of malicious prosecution against Chief Haken.

E. *On Remand, Defendants' Rule 82 Attorney's Fee Award May Not Include Fees Incurred Defending Against the § 1983 Claims.*

Because we remand so Brown can assert a malicious prosecution claim against Chief Haken, Chief Haken is no longer a prevailing party. We must therefore vacate the attorney's fee award and remand the fees issue.

Two other considerations also apply when the issue is revisited on remand.

First, any recalculated award must distinguish between fees incurred litigating federal claims and fees incurred litigating state claims.

Defendants sought actual incurred fees of $23,963.50 under 42 U.S .C. § 1988 [41] and Alaska Civil Rule 11 for defending against Brown's federal cause of action. They also sought actual fees of $4,062.50 under Alaska Civil Rule 82 for "resisting Plaintiff's efforts to join state causes of action and additional parties to this case." The total sought was $28,026.

The superior court concluded that defendants failed to satisfy the federal standards for awarding attorney's fees to a prevailing defendant in a federal civil rights action. [42]

---

brought without probable cause, and (3) was initiated with malice." *Kollodge v. State*, 757 P.2d 1024, 1026 (Alaska 1988).

38. Alaska R.Civ.P. 15(c).

39. 785 P.2d 1211, 1213 (Alaska 1990) ("[A] party who is notified of the litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation intended to afford ....") (quoting *Estate of Thompson v. Mercedes Benz, Inc.*, 514 P.2d 1269, 1273 (Alaska 1973)).

40. *See* Alaska R.Civ.P. 9(b) (providing that malice and other condition of mind of a person "may be averred generally"); *see also Magestro*, 785 P.2d at 1213 ("The fact that a new legal theory or new claim is advanced in the amended complaint, based on the same factual occurrence set

out in the original complaint, has not heretofore been considered a reason for denying leave to amend under Rule 15(c)."); *Jakoski v. Holland*, 520 P.2d 569, 576 (Alaska 1974) (concluding that amendment related back when new claim was based on same conduct, transaction, or occurrence alleged in original pleading).

41. 42 U.S.C. § 1988(b) (1994 & Supp.II 1996) provides: "In any action or proceeding to enforce a provision of sectio[n] ... 1983 ... of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

42. Fees may be awarded against an unsuccessful plaintiff under § 1988 only if the action is "meritless, in the sense it is groundless or without foundation." *Elks Nat'l Found. v. Weber*, 942 F.2d 1480, 1485 (9th Cir.1991).

Accordingly, it based its award exclusively on Civil Rule 82(b)(2). It discussed Rule 82(b)(3) factors and awarded defendants $5,605.20, twenty percent of the total sought.

■ Attorney's fee awards for § 1983 actions brought in state court are governed by 42 U.S.C. § 1988 and federal case law interpreting that statute.[43] Alaska law does not allow an award under Civil Rule 82 if the award would conflict with federal law.[44] We will uphold the superior court's fee award absent an abuse of discretion.[45]

■ A Rule 82 award may not reimburse the expense of defending against § 1983 claims.[46] Having concluded that defendants were not entitled to an award under § 1988, the superior court should have based its Rule 82 award exclusively on the amount—$4,062.50—spent opposing Brown's motion to amend, and not on the amount—$23,963.50—spent opposing Brown's § 1983 claim. On remand the Rule 82 award cannot be based on fees incurred defending against the § 1983 claim.[47]

Second, Brown correctly argues that expenses incurred in opposing Brown's motion to add the City of Hoonah was spent defending against a § 1983 claim, not a state law claim.[48] Part of the $4,062.50 was therefore actually incurred opposing Brown's § 1983 claim. The court must also take this circumstance into account on remand.

## IV. CONCLUSION

We conclude that Brown failed to state a claim under § 1983 because the alleged right

Brown asserts under the Alaska Constitution directly conflicts with federal law. We further conclude that Brown waived any argument for a possible state constitutional tort claim analogous to a *Bivens* claim. We also hold that Brown's motion to amend his complaint to add a malicious prosecution claim against Chief Haken should have been granted because the facts giving rise to this claim arose out of the same facts alleged in Brown's original complaint. Finally, the attorney's fees award must be vacated and the fees issue reconsidered. We therefore AFFIRM the dismissal of Brown's § 1983 claim, REVERSE the denial of Brown's motion to amend his complaint to add a state law tort claim against Chief Haken, VACATE the attorney's fees award, and REMAND for proceedings consistent with this opinion.

---

**43.** See *Balough v. Fairbanks N. Star Borough*, 995 P.2d 245, 270 (Alaska 2000) ("[A]ny attorney's fees for federal claims must be awarded pursuant to 42 U.S.C. § 1988."); *see also Hughes v. Foster Wheeler Co.*, 932 P.2d 784, 788–91 (Alaska 1997) (holding that Civil Rule 82 applied in federal cause of action brought in state court because Rule 82 is not contrary to federal law or specific federal statute governing attorney's fees). Defendants concede that Rule 82 does not apply to Brown's § 1983 claim.

**44.** See *Hughes*, 932 P.2d at 790.

**45.** See *Feichtinger*, 893 P.2d at 1268.

**46.** See *Balough*, 995 P.2d at 270 (superior court may award fees for state-law claims segregated from § 1983 claims); *Lyman v. State*, 824 P.2d

703, 707 (Alaska 1992) (superior court may require party seeking costs to identify and segregate state-law claims from federal-law claims).

**47.** Cf. *Lyman*, 824 P.2d at 707 (reversing attorney's fee award in case involving both § 1983 claims and state law claims because record did not include sufficient information to determine whether the costs and fees derived from defending state law claim as distinguished from federal claim).

**48.** In their brief, defendants characterize their state law expenses as solely consisting of fees incurred opposing Brown's motion to add a new state law tort claim.