*Notice:* *This opinion is subject to correction before publication in the* PACIFIC REPORTER. *Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LINDA R. MOFFITT, as Guardian and Conservator for her Mother, BETTY SCHROEDER-MOFFITT, Successor Trustee of the LEONARD E. MOFFIT FAMILY TRUST, and Successor Trustee of the BETTY SCHROEDER-MOFFITT FAMILY TRUST, | ) ) ) ) ) ) ) ) ) | Supreme Court No. S-14495<br><br>Superior Court No. 3PA-06-01070CI<br><br>O P I N I O N<br><br>No. 6936 – August 8, 2014 |
| Appellant, | ) ) | |
| v. | ) ) | |
| TRACY A. MOFFITT and KATHRYN A. MOFFITT, | ) ) ) ) | |
| Appellees. | ) ) ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Eric Smith, Judge.

Appearances: Cynthia L. Ducey and Kendra E. Bowman, Delaney Wiles, Inc., and Peter C. Gamache, Law Offices of Peter C. Gamache, Anchorage, for Appellant. Chris D. Gronning, Bankston Gronning O'Hara, P.C., Anchorage, for Appellees.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I.    INTRODUCTION

Linda Moffitt filed a lawsuit as her mother's guardian and conservator and the successor trustee of her parents' living trusts, seeking to rescind or reform a deed they executed in 1995 and a contract they signed in 1998.  The superior court dismissed Linda's claims, reasoning that the statutes of limitations had run before Linda filed her lawsuit in 2005.  The primary question in this appeal is whether the superior court properly applied the statutes of limitations.  We conclude that Linda's mostly equitable claims are subject to the defense of laches, and the statutes of limitations do not apply to these claims.

## II.    FACTS AND PROCEEDINGS

In 1992 Leonard and Betty Moffitt created two trusts to provide lifetime support for the surviving spouse, and then to pass the trusts' assets to their children.  In 1995 Leonard and Betty agreed to sell their family farm to their son, Tracy, and his wife, Kathy, and deeded part of the property to Tracy and Kathy.  In 1998 Leonard and Betty signed a contract memorializing the 1995 agreement and providing that the rest of the farm would be sold to Tracy and Kathy after Leonard and Betty died.  Leonard died in 2000 and Betty was diagnosed with dementia in 2001.  Their daughter, Linda Moffitt, became personal representative of Leonard's estate, Betty's guardian and conservator, and successor trustee of Leonard's and Betty's trusts.

In 2005 Linda, in her capacity as guardian, conservator, and trustee, brought a civil suit against Tracy and Kathy seeking damages and rescission of the contract.  In 2009 Linda filed an amended complaint, adding an alternate request for reformation and containing five counts:  conversion, diminished capacity, undue influence, unconscionability, and unjust enrichment.  In Leonard's probate proceeding, Linda petitioned the court for the sale of the real property free of contract.  The probate

court denied the petition. In 2010 Linda moved to consolidate the civil case with the probate case, but the motion was denied.

The superior court ultimately dismissed part of the civil case on summary judgment, concluding that, although the limitations periods were tolled during Leonard's and Betty's disabilities, Linda's claims were barred by the two-year tort statute of limitations and the three-year contract statute of limitations. The court noted Linda may retain claims for certain profits received by Tracy and Kathy and for repayment of an allegedly unpaid loan, and it denied summary judgment as to those collateral matters. The superior court awarded Tracy and Kathy $80,025.75 in attorney's fees and $9,523.08 in costs. Linda appealed. Betty died before oral argument in the fall of 2013.

## III. STANDARD OF REVIEW

"We review a grant or denial of summary judgment de novo."[1] "[W]e review de novo questions regarding the applicable statute of limitations, the interpretation of that statute, and whether that statute bars a claim."[2] We review the denial of a motion to consolidate for abuse of discretion.[3]

## IV. DISCUSSION

### A. The Laches Defense Applies To Linda's Equitable Claims.

#### 1. Linda's claims are equitable claims.

Linda's main claims are for rescission or reformation of the 1995 deed and the 1998 agreement due to diminished capacity, undue influence, and unconscionability.

---

[1]    *Alaska Civil Liberties Union v. State*, 122 P.3d 781, 785 (Alaska 2005) (citations omitted).

[2]    *Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1271 (Alaska 2013) (citing *Weimer v. Cont'l Car & Truck, LLC*, 237 P.3d 610, 613 (Alaska 2010)).

[3]    *C.L. v. P.C.S.*, 17 P.3d 769, 772 (Alaska 2001) (citing *Foltz-Nelson Architects v. Kobylk*, 749 P.2d 1347, 1349 n.2 (Alaska 1988)).

She argued that the deed and the agreement are invalid and asked that the superior court declare these transactions "null and void or voidable" or reform them "to correct any unconscionable terms and to avoid unjust enrichment."

A claim for rescission may be either legal or equitable. "Rescission *at law* is a suit based upon rescission already accomplished."[4] "Rescission at law occurs where at least one of the parties to a contract rescinds the contract and then turns to a court for enforcement of that rescission and an award of damages."[5] In contrast, "rescission in equity occurs only upon a court's decree. In those cases, the court must intervene both to rescind the agreement and to award damages."[6] In other words: "Rescission is equitable if the complaint asks the court to order rescission of the contract, and is legal if the court is asked to enforce a completed rescission."[7]

Here, Linda had not rescinded the contract when she filed her claim. Rather, she asked the court for an order declaring both transactions null and void, that is, rescinded. And Linda alleged adequate grounds for rescission: undue influence[8] and diminished capacity.[9] Thus, it appears that she has pleaded claims for equitable rescission.

---

[4]      *Knaebel v. Heiner*, 663 P.2d 551, 554 (Alaska 1983) (emphasis in original).

[5]      *Commercial Recycling Ctr., Ltd. v. Hobbs Indus., Inc.*, 228 P.3d 93, 98 (Alaska 2010) (citation omitted).

[6]      *Id.* at 99 (citation omitted).

[7]      12A C.J.S. *Cancellation of Instruments* § 5 (2014) (citation omitted).

[8]      *Id.* § 46 ("Alone, or accompanied by other inequitable circumstances, undue influence is a ground for the cancellation of instruments.").

[9]      *Id.* § 62 ("As a general rule, total incapacity to contract because of unsoundness of mind constitutes a ground for the rescission and cancellation of contracts executed by persons in that condition.").

Linda's complaint also requested the remedy of reformation. "Reformation is an equitable remedy by which a court alters the terms of a written instrument to make the writing conform with the meaning that the parties agreed upon."[10] As noted above, Linda's complaint specifically requested that the court reform the 1995 deed and the 1998 agreement. Linda's reformation claims are also equitable in nature.

**2. Linda's equitable claims are not subject to a statute of limitations, but are subject to laches.**

Equitable claims for rescission or reformation of a contract may be barred by the doctrine of laches.[11] This doctrine "creates an equitable defense when a party delays asserting a claim for an unconscionable period."[12] To apply this defense, "[a] court must find both an unreasonable delay in seeking relief and resulting prejudice to the defendant."[13]

Several courts have held that statutes of limitations do not control the time limit for asserting equitable claims.[14] For example, the Pennsylvania Supreme Court

---

[10] *Wasser & Winters Co. v. Ritchie Bros. Auctioneers (Am.)*, 185 P.3d 73, 77 (Alaska 2008) (citing RESTATEMENT (SECOND) OF CONTRACTS § 155 cmt. a (1981)).

[11] *Cf. Vockner v. Erickson*, 712 P.2d 379, 384 (Alaska 1986) (evaluating laches defense to a claim for reformation where no prejudice from delay was shown).

[12] *Offshore Sys.-Kenai v. State, Dep't of Transp. & Pub. Facilities*, 282 P.3d 348, 354 (Alaska 2012) (quoting *State, Dep't of Commerce & Econ. Dev. v. Schnell*, 8 P.3d 351, 358-59 (Alaska 2000) (internal quotation marks omitted)).

[13] *Id.* (alteration in original) (quoting *Schnell*, 8 P.3d at 358-59) (internal quotation marks omitted).

[14] *E.g., Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946) ("Traditionally and for good reasons, statutes of limitation are not controlling measures of equitable relief."); *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 385 (9th Cir. 1960); *see also* 30A C.J.S. *Equity* § 164 (2014) (citations omitted) ("Statutes of limitations, . . . as (continued...)

stated: "[B]ecause statutes of limitation are not controlling in equity, but only provide guidance in determining the reasonableness of any delay, this Court has allowed suits in equity to proceed despite significant delays in bringing the action."[15] Similarly, the South Carolina Supreme Court noted "that the statute of limitations does not apply to actions in equity."[16]

This rule was applied by the Ninth Circuit to a dispute in the Alaska territorial court around the time of statehood.[17] And it is consistent with our determination in the inverse situation that the defense of laches does not apply to a legal claim governed by a statute of limitations.[18] We are not aware of any statutory provision that would conflict with our decision to apply the defense of laches to this case. We therefore conclude that Linda's equitable claims for reformation and rescission are controlled by the doctrine of laches. The laches defense should also apply to any associated restitution claims.[19]

---

[14](...continued)
ordinarily enacted, apply only to actions at law, and do not in terms apply to suits in equity.").

[15] *United Nat'l Ins. Co. v. J.H. France Refractories Co.*, 668 A.2d 120, 124 (Pa. 1995) ( citations and internal quotation marks omitted).

[16] *Dixon v. Dixon*, 608 S.E.2d 849, 855 (S.C. 2005).

[17] *Castner*, 278 F.2d at 385 (holding that the statute of limitations did not apply to an equitable claim).

[18] *Kodiak Elec. Ass'n, Inc. v. DeLaval Turbine, Inc.*, 694 P.2d 150, 157 (Alaska 1984) ("The defense of laches is inapplicable to an action at law.").

[19] *See* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 70 (2011).

In the superior court, Tracy and Kathy moved for summary judgment based on the statutes of limitations for tort and contract claims. In response, Linda asserted that these statutes did not apply to her equitable claims. But neither party raised the issue of laches in the motion papers, so the superior court did not have the occasion to address this doctrine. And we cannot determine on appeal whether there are factual issues that may preclude summary judgment on the laches defense. We must therefore reverse the summary judgment order as to the equitable claims and remand this case for further proceedings.

**B.** **The Contract And Tort Statutes Of Limitations Apply To Linda's Legal Claims.**

Some of Linda's claims are clearly legal claims — particularly her claim for punitive damages.[20] Linda argues that her complaint asserts claims regarding the ownership and possession of the property. Thus, she contends the real property statutes of limitations apply. But Alaska law prevents the application of real property statutes of limitations to this case.

In *Bauman v. Day*,[21] the superior court set aside a foreclosure where the defaulting plaintiff buyers argued their original land sale agreement with the defendant sellers was invalid.[22] We affirmed that decision but rejected the plaintiffs' argument that their separate action contesting the validity of the sales contract fell under a statute of limitations for real property.[23] We reasoned that the salient issue there was "not the

---

[20]    *See Loomis Elec. Prot., Inc. v. Schaefer*, 549 P.2d 1341, 1344 (Alaska 1976) (holding action for damages is an action at law).

[21]    892 P.2d 817 (Alaska 1995).

[22]    *Id.* at 822-23.

[23]    *Id.* at 824-25.

ownership interest itself but improprieties in the bargaining that resulted in the conveyance of that interest to the Baumans."[24] Here, as in *Bauman*, Linda's claim is not subject to a real property statute of limitations because, as discussed above, her claim attacks the legality of the land sale contracts.

We thus affirm the superior court's decision that the tort and contract statutes of limitations apply to Linda's legal claims. We note that in 1997 the statute of limitations for contract cases changed from six years to three years under the newly adopted AS 09.10.053.[25]

Finally, while there are substantial questions about the operation of the tolling statute, AS 09.10.140(a), they were not adequately addressed in the briefing on appeal. We thus do not decide whether the cases applying the tolling statute to a minor's claims, even when the minor has competent parents,[26] also apply to toll an incompetent plaintiff's claims after appointment of a guardian.

### C. It Was Not An Abuse Of Discretion For The Superior Court To Decline To Consolidate This Case With The Probate Proceedings.

Linda points out that she attempted to sell the farm in probate court, but the probate court denied her motion. The superior court also denied her motion to consolidate, and Linda argues that this ruling was an abuse of discretion. In *C.L. v. P.C.S.*, however, we found no abuse of discretion in the trial court's denial of a motion

---

[24]    *Id.* at 825.

[25]    The three-year contract statute of limitations applies to all claims arising on or after August 7, 1997, and the prior six-year statute of limitations applies to claims arising before that date. *See* ch. 26, § 55, SLA 1997; 1997 House Journal 1796.

[26]    *See Grober v. State, Dep't of Revenue*, 956 P.2d 1230, 1233 (Alaska 1998) (quoting *Hanson v. Kake Tribal Corp.*, 939 P.2d 1320, 1326 (Alaska 1997)); *see also Sands ex rel. Sands v. Green*, 156 P.3d 1130, 1133 (Alaska 2007).

to consolidate the probate case with the civil case where the moving party was not prejudiced and the trial court had reasonably considered the moving party's arguments.[27]

The superior court denied Linda's motion to consolidate, reasoning that: (1) the motion was procedurally defective because venue of the probate case had not yet been changed from Anchorage to Palmer; (2) consolidation was not appropriate because the probate proceedings involved issues beyond the dispute over the family farm; and (3) denying consolidation posed little risk of delay or duplicative litigation. These reasons are sufficient to support the superior court's decision, and Linda has not explained how she has been prejudiced. We conclude that the superior court did not abuse its discretion when it denied the motion for consolidation.

## V. CONCLUSION

The superior court's order of dismissal is VACATED. The attorney's fees and costs awards are therefore also VACATED. In view of our disposition, it is not necessary to address the other issues raised in this appeal.

---

[27]    17 P.3d 769, 773 (Alaska 2001).