NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SIDNEY R. HERTZ, | ) | |
| | ) | Supreme Court No. S-15508 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-13-08914 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| JOE SCHMIDT, JEFFREY | ) | AND JUDGMENT* |
| EDWARDS, and the ALASKA | ) | |
| BOARD OF PAROLE, | ) | No. 1563 – December 23, 2015 |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Sidney R. Hertz, pro se, Salem, Oregon, Appellant. Mary B. Pinkel, Assistant Attorney General, Anchorage, Craig W. Richards, Attorney General, Juneau, for Appellees.

Before: Fabe, Chief Justice, Stowers, Maassen, and Bolger, Justices. [Winfree, Justice, not participating.]

I.    INTRODUCTION

In July 1984 Sidney Hertz was convicted of murder in the second degree and sentenced to 40 years in prison. Hertz was released on mandatory parole on October 8, 2010, based on his accumulation of good-time credits since his incarceration. Hertz objected to the conditions placed on his parole and filed an application for

---

*        Entered under Alaska Appellate Rule 214.

post-conviction relief, which was denied. Almost three years after filing his application for post-conviction relief, Hertz filed this suit against Joe Schmidt (Commissioner, Department of Corrections), Jeffrey Edwards (Executive Director, Alaska Board of Parole), and the Alaska Board of Parole (the "Board"), seeking injunctive relief and damages. The State appeared on the defendants' behalf and moved to dismiss the suit. The superior court granted the motion to dismiss and awarded the State attorney's fees. Hertz appeals both the dismissal and the attorney's fees award. We affirm the superior court's order dismissing Hertz's appeal and the superior court's award of the State's attorney's fees.

## II.    FACTS AND PROCEEDINGS

Sidney Hertz was convicted of murder in the second degree[1] in July 1984 and was sentenced to a nonpresumptive sentence of 40 years with no time suspended. Hertz was scheduled for mandatory parole due to his accumulation of good-time credits.[2] In February 2010, several months prior to his scheduled release date, Hertz objected to conditions that the Board intended to place on his parole. Hertz argued that the Board lacked the authority to impose conditions on his parole under the parole statutes in effect at the time of his conviction. Hertz contended that the Board's ability to condition his parole was based on a more recent version of the parole statutes and that applying the more recent statutes to him violated the constitutional prohibition on ex post facto laws.[3] When presented with the mandatory conditions of parole in August 2010, Hertz signed

---

[1]    AS 11.41.110(a)(1) (1978).

[2]    *See* AS 33.20.010(a) (allowing a deduction of one-third of a prisoner's "term of imprisonment . . . if the prisoner follows the rules of the correctional facility in which the prisoner is confined").

[3]    U.S. Const. art. I, § 9, cl. 3 ("No . . . ex post facto [l]aw shall be passed."); Alaska Const. art. 1, § 15 ("No . . . ex post facto law shall be passed.").

them while also noting his objection to the conditions. Hertz was ultimately released on mandatory parole on October 8, 2010.

Shortly after his release, Hertz filed his application for post-conviction relief, "challenging the [Board's] authority to impose special parole conditions . . . because the current parole statutes were enacted after Hertz was convicted."[4] The Public Defender Agency represented Hertz in the post-conviction relief proceedings. The superior court dismissed Hertz's application for post-conviction relief, citing controlling court of appeals cases.[5] Hertz appealed, and the court of appeals affirmed.[6] We denied Hertz's petition for hearing.[7]

In August 2013 Hertz filed the present case against Joe Schmidt, Jeffrey Edwards, and the Board. Hertz alleged that the imposition of parole conditions was unconstitutional and that the defendants had illegally revoked his good-time credits. Hertz described his suit as one brought under 42 U.S.C. § 1983 and asserted four claims for relief: (1) federal due process and equal protection violations based on "enhancement of his sentence"; (2) federal due process violations for violating the prohibition on ex post facto laws; (3) a claim under 42 U.S.C. § 1983; and (4) civil conspiracy "to deprive Hertz of his state rights" under the prior version of the parole statutes. Hertz asked to be released "from any and all mandatory supervision" and requested compensatory and punitive damages from each defendant.

---

[4] *Hertz v. State*, No. A-5970, 2013 WL 4780867, at *1 (Alaska App. Sept. 4, 2013).

[5] *Id.*

[6] *Id.* at *3.

[7] *Hertz v. State*, No. S-15307 (Alaska Supreme Court Order, Nov. 27, 2013).

The State entered an appearance on behalf of all three defendants, and the case proceeded in front of Superior Court Judge Patrick J. McKay. The State moved to dismiss Hertz's complaint, asserting seven different reasons for dismissal in support of its motion. Hertz opposed the motion,[8] and the State filed a reply reiterating its arguments.

The superior court entered a brief order granting the motion to dismiss and adopting the arguments from the State's reply brief. The State then moved for attorney's fees, which the superior court granted over Hertz's opposition. Hertz appeals.

## III. STANDARD OF REVIEW

This court

> review[s] a superior court's dismissal of a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) de novo. The complaint must be liberally construed and we treat all factual allegations as true . . . . A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to some form of relief.[9]

"In reviewing a motion to dismiss, we generally do not consider matters outside the complaint, although we may consider attachments to the complaint."[10]

---

[8] We note that Hertz also filed a motion to compel discovery from the State, and the superior court did not grant the motion. Hertz argues that the failure to compel discovery responses from the defendants merits reversing the superior court's decision. Because none of Hertz's discovery requests relate to the grounds on which we resolve this appeal, we do not address the discovery issue.

[9] *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012) (internal citations and quotation marks omitted).

[10] *Id*. at 7 (footnote omitted). Hertz attached materials to his complaint, and we have considered these attachments because they help describe the claims he is

"Although the date on which a statute of limitations begins to run is normally a question of fact, where, as here, there is no dispute over the relevant facts, the date becomes a question of law to which we apply our independent judgment."[11] The application of res judicata similarly presents a question of law, which we review de novo.[12]

"We review a trial court's award of attorney's fees for an abuse of discretion."[13] "We will find an abuse of discretion when the decision on review is manifestly unreasonable."[14] But "we review de novo whether the [superior] court applied the law correctly in awarding attorney's fees."[15]

## IV. DISCUSSION

### A. The Superior Court Did Not Err When It Dismissed Hertz's Suit.

The superior court's dismissal of Hertz's suit rested on several independent grounds. We need not address each of these because two of them provide sufficient support for the superior court's decision: the statute of limitations and res judicata.

---

[10] (...continued)
making.

[11] *Solomon v. Interior Reg'l Hous. Auth.*, 140 P.3d 882, 883 (Alaska 2006).

[12] *Matanuska Elec. Ass'n v. Chugach Elec. Ass'n, Inc.*, 152 P.3d 460, 465 (Alaska 2007).

[13] *Balough v. Fairbanks North Star Borough*, 995 P.2d 245, 254 (Alaska 2000).

[14] *Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 335 P.3d 503, 508 (Alaska 2015).

[15] *Lake & Peninsula Borough Assembly v. Oberlatz*, 329 P.3d 214, 221 (Alaska 2014) (alteration omitted) (quoting *Marron v. Stromstad*, 123 P.3d 992, 998 (Alaska 2005)) (internal quotation marks omitted).

### 1.    Alaska Statute 09.10.070 bars Hertz's damages claims.

The superior court adopted the State's argument that AS 09.10.070, which applies a two-year limitations period to tort suits, applied to Hertz's suit.[16]  The court agreed that AS 09.10.070 barred Hertz's suit because Hertz was aware of the conditions of his mandatory parole on August 23, 2010, and had over two years to file his suit from that point.  Hertz appeals, arguing that he had requested early release from his parole in 2012 and that the statute of limitations should run from the denial of his request for early release.

Hertz's argument is unpersuasive.  Because Hertz's claims sound in tort, they are governed by the two-year period of limitations in AS 09.10.070.[17]  "The statute of limitations ordinarily begins to run on the date on which the plaintiff incurs the injury."[18]  In the light most favorable to Hertz, this means that the statute of limitations began to run on October 8, 2010, when he was actually released subject to the mandatory parole conditions the Board had placed on him.  As early as February 2010 Hertz believed that these conditions were unconstitutional and illegal, and they were the subject of the application for post-conviction relief he filed on October 13, 2010.  Thus, Hertz needed to bring his claims within two years of October 8, 2010, for them to be timely.  Because he waited to file this suit until August 22, 2013, his claims are barred.

---

[16]    *See* AS 09.10.070(a).

[17]    *State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs. v. Native Vill. of Curyung*, 151 P.3d 388, 411 (Alaska 2006); *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1249 (Alaska 2001) (per curiam) ("The limitations period for a § 1983 claim is prescribed by the state statute of limitations for a personal injury action." (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985))). *But see Moffitt v. Moffitt*, 341 P.3d 1102, 1105 (Alaska 2014) (holding that equitable claims are not subject to the statutes of limitations).

[18]    *Mine Safety Appliances Co. v. Stiles*, 756 P.2d 288, 291 (Alaska 1988).

Hertz argues that the statute of limitations did not begin to run until his request for early release from parole[19] was denied in 2012. We construe this argument as one made under the continuing violations doctrine.[20] The continuing violations doctrine "allows plaintiffs to establish an ongoing tort through incidents that occurred before the statute of limitations period and that continued into the limitations period."[21] This allows a plaintiff to "preserve a claim as timely that might otherwise be barred by the statute of limitations."[22]

But the continuing violations doctrine applies to an "ongoing series of incidents" and "not to an initial violation that causes alleged permanent harm."[23] "[I]f a plaintiff's actions show that [he] knew [his] rights had been violated by a certain point in time, the limitations period starts running from that date."[24] In the employment context, for example, we have held that "[t]he continuing violation doctrine does not exist to give a second chance to an employee who allowed a legitimate [discrimination] claim to lapse."[25]

---

[19] Alaska Statute 33.16.210(a) permits the Board to "unconditionally discharge a parolee . . . after the parolee has completed two years of parole." *See also* 22 Alaska Administrative Code (AAC) 20.280 (2004) (establishing the procedure for requesting discharge from parole).

[20] *See Smith v. State*, 282 P.3d 300, 304 (Alaska 2012).

[21] *Id.* (quoting *Reich v. Cominco Alaska, Inc.*, 56 P.3d 18, 26 (Alaska 2002)) (internal quotation marks omitted).

[22] *Sengupta*, 21 P.3d at 1249.

[23] *Smith*, 282 P.3d at 304-05.

[24] *Sengupta*, 21 P.3d at 1249.

[25] *Id.* (second alteration in original) (quoting *Roberts v. Gadsden Mem'l*
(continued...)

Hertz's claim accrued when the Board imposed conditions on his mandatory parole on October 8, 2010. And Hertz obviously believed that his rights had been violated because he filed his application for post-conviction relief in October 2010 seeking release from his parole conditions. Although Hertz requested early release in 2012, his request for early release was grounded in the exact same arguments he made in his 2010 application for post-conviction relief. Indeed, the present lawsuit against Schmidt, Edwards, and the Board is not based on any defect particular to the early release proceedings, but on the theory that the Board *never* had the authority to condition Hertz's parole — the same argument Hertz has been making since 2010. Thus, we decline to apply the continuing violations doctrine and hold that AS 09.10.070 bars Hertz's damages claims. This holding, however, only partially dispenses of Hertz's suit because the statutes of limitations do not bar equitable claims.[26] Therefore, we turn next to Hertz's equitable claims.

### 2. Res judicata precludes Hertz's requests for equitable relief.

As explained above, Hertz filed his application for post-conviction relief in October 2010, asserting that the Board lacked "authority to impose special parole conditions . . . because the current parole statutes were enacted after Hertz was convicted."[27] Hertz's application for post-conviction relief claimed that the imposition

---

[25] (...continued)
*Hosp.*, 835 F.2d 793, 800 (11th Cir. 1988), *amended on reh'g by* 850 F.2d 1549 (11th Cir. 1988)) (internal quotation marks omitted).

[26] *Moffitt v. Moffitt*, 341 P.3d 1102, 1105 (Alaska 2014) (holding that equitable claims are not subject to the statutes of limitations).

[27] *Hertz v. State*, No. A-5970, 2013 WL 4780867, at *1 (Alaska App. Sept. 4, 2013).

of parole conditions violated the rule against ex post facto laws and double jeopardy.[28] The court of appeals rejected both arguments and affirmed the imposition of parole conditions.[29] In the present appeal, the State argued — and the superior court agreed — that the decision in the post-conviction relief case barred Hertz's suit under the doctrine of res judicata. Hertz contends that res judicata does not apply because his post-conviction relief counsel was ineffective for failing to argue that the Board improperly revoked his good-time credits.

The doctrine of res judicata prevents parties from relitigating claims where there was a prior judgment that was "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[30] Not only does res judicata preclude relitigating the claims "actually raised in a prior proceeding, but [it also precludes] related claims arising out of the same transaction that could have been raised in that proceeding."[31]

The superior court and the court of appeals were courts of competent jurisdiction to rule on Hertz's application for post-conviction relief, and there was a final

---

[28] *Id.*

[29] *Id.* at *3.

[30] *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820 (Alaska 2006) (quoting *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997)) (internal quotation mark omitted).

[31] *White v. State, Dep't of Natural Res.*, 14 P.3d 956, 959 (Alaska 2000). We note that although the issues are the same, Hertz could not have requested damages under 42 U.S.C. § 1983 as part of his post-conviction relief proceeding. *See* AS 12.72.010 (defining the scope of post-conviction relief). Thus, his damages claims could not have been raised in the post-conviction relief proceeding.

judgment on the merits.[32]  Moreover, all of the claims Hertz makes in the present suit arise out of the imposition of conditions on his parole, which was the basis for his application for post-conviction relief.[33]

Determining whether the defendants in this suit (Schmidt, Edwards, and the Board) are the same as those in Hertz's proceeding for post-conviction relief (the State) requires slightly more analysis.  If the defendants here are being sued in their official capacities, then they would be in privity with the State because suits against State employees in their official capacities are deemed suits against the State.[34]  If they are being sued in their individual capacities, as Hertz claims, they would not be in privity with the State.[35]

We conclude that Hertz has sued the defendants in their official capacities despite his assertions to the contrary.  We have previously explained how to determine when a person who is a state official is being sued personally, in an official capacity, or

---

[32]    *See Hertz*, 2013 WL 4780867, at *1.

[33]    *See id.*

[34]    *Vest v. Schafer*, 757 P.2d 588, 598-99 (Alaska 1988) ("[A] damage suit against a state agent in [his] official capacity is treated as a suit against the state itself."); *see also Gray v. Lacke*, 885 F.2d 399, 405 (7th Cir. 1989) ("[I]n official-capacity suits, privity exists between the government entities and their employees."); *Thurston v. United States*, 810 F.2d 438, 444 (4th Cir. 1987) ("Res judicata bars subsequent litigation against federal officials sued in their official capacity when the United States has won on the same issue in a previous suit.").

[35]    *See State, Dep't of Health & Soc. Servs., Office of Children's Servs. v. Doherty*, 167 P.3d 64, 73 (Alaska 2007) ("[E]mployees acting in their personal capacities are not in privity with the government . . . .").

both.[36] "One facet of this determination is whether the State is the 'real party in interest.' "[37] We have looked, in part, to the nature of the relief sought in making this determination.[38] The other facet is "whether there is wrongful individual action."[39]

Here, we need only examine the nature of the relief Hertz requests. Hertz seeks equitable relief in the form of an order requiring the defendants to lift the conditions on his parole. Schmidt, Edwards, and the members of the Board can only provide Hertz this relief because of their official positions; they possess no authority in their individual capacities to lift the conditions on Hertz's parole. At least with respect to Hertz's equitable claims, we conclude that the defendants are being sued in their official capacities, placing them in privity with the State. Thus, all of the elements of res judicata are present.

Hertz's argument that res judicata should not apply even if all of its elements are present because his post-conviction relief counsel was allegedly ineffective is unpersuasive. A collateral attack on the decision in the earlier post-conviction relief proceeding based on ineffective counsel should have been brought in a second post-conviction relief proceeding. Hertz's claim is that his post-conviction relief counsel was ineffective, which allegedly resulted in the imposition of illegal conditions on his parole. This argument is essentially a new post-conviction relief claim because Hertz is claiming that he is "unlawfully held in custody or other restraint."[40] Allowing Hertz to

---

[36]    *See Vest*, 757 P.2d at 599-600.

[37]    *Id.* at 599 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

[38]    *See id*. at 599-600.

[39]    *Id.* at 600.

[40]    AS 12.72.010(a)(5) (defining the scope of post-conviction relief).

bring this type of claim as part of a separate civil suit would allow Hertz to circumvent the protections the State receives under the post-conviction relief statutes.[41]  Therefore, we hold that Hertz's claim that his post-conviction relief counsel was ineffective does not bar the application of res judicata here because any argument regarding ineffective assistance of counsel should have been brought in a subsequent post-conviction relief proceeding.  Res judicata bars Hertz's claims for equitable relief.

**B.      Hertz Is Not Entitled To Attorney's Fees.**

The superior court awarded the State attorney's fees under Alaska Rule of Civil Procedure 82(b)(2).[42]  Hertz argues that (1) the attorney's fees should have been calculated under the schedule laid out in Alaska Rule of Civil Procedure 82(b)(1); (2) the State should not be entitled to attorney's fees because assistant attorneys general are essentially in-house counsel for whom fees are not recoverable; (3) the hourly rate the State uses is "outrageous"; and (4) the State included the preparation of a second, impermissible opposition to Hertz's demand for default judgment in its calculations.

None of these arguments has merit.  Civil Rule 82(b)(1) does not apply because the State was not recovering a money judgment.  And the State is entitled to

---

[41]      *See* AS 12.72.020 (limiting the grounds on which post-conviction relief may be granted); AS 12.72.030(b) (preventing discovery until the petitioner demonstrates a prima facie case for post-conviction relief); AS 12.72.040 (requiring the clear and convincing evidentiary standard in a post-conviction relief proceeding).

[42]      "In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred.  The actual fees shall include fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal or law clerk."  Alaska R. Civ. P. 82(b)(2).

attorney's fees despite the fact that it is defended by assistant attorneys general.[43] As for the State's hourly rate, Hertz presented nothing but his unsupported assertion that the State's hourly rate was outrageous. By contrast, the State supported its hourly rate with an affidavit indicating that the hourly rate was consistent with market rates. On this record, the superior court did not abuse its discretion in approving the State's hourly rate.

Finally, we find no error in awarding the State attorney's fees related to preparing its opposition to Hertz's motion for default. The State first filed a notice that Hertz had failed to serve the defendants properly. This notice was not included in the State's requested attorney's fees. After Hertz again attempted to serve the defendants, the State entered its appearance and filed an opposition to the motion for default. The State did include the time its attorneys took preparing this opposition in its attorney's fees request, and we see no reason why the State should not receive partial attorney's fees for work its attorneys performed responding to Hertz's motion for default. The superior court did not abuse its discretion by including the preparation of the opposition in its attorney's fees award.

The State based its motion for attorney's fees on Civil Rule 82, but Civil Rule 82 does not govern attorney's fees in an action to enforce constitutional rights.[44] 42 U.S.C. § 1988 is the controlling provision in federal law,[45] and AS 09.60.010(c)(2) is the controlling provision in Alaska law. The trial court is barred from ordering Hertz to pay the State's attorney's fees only if Hertz "did not prevail in

---

[43] *Greater Anchorage Area Borough v. Sisters of Charity of House of Providence*, 573 P.2d 862, 863 (Alaska 1978) (restating the rule and collecting cases).

[44] *See* AS 09.60.010(c)(2); *Brown v. Ely*, 14 P.3d 257, 264 (Alaska 2000); *see also Balough v. Fairbanks North Star Borough*, 995 P.2d 245, 270 (Alaska 2000) ("Attorney's fees in Section 1983 cases are governed by federal law.").

[45] *Brown*, 14 P.3d at 264.

asserting [his constitutional claim], the action or appeal asserting the [constitutional] right was not frivolous, and the claimant did not have sufficient economic incentive to bring the action or appeal regardless of the constitutional claims involved."[46]

We have no difficulty concluding that Hertz's suit was frivolous considering that he filed this suit only after his application for post-conviction relief had been denied in the superior court. Since Hertz's action was frivolous, he does not have the protection of the statute. Therefore, we affirm the superior court's award of the State's attorney's fees.

## V. CONCLUSION

We AFFIRM the superior court's order dismissing Hertz's complaint and the superior court's award of the State's attorney's fees.

---

[46]     AS 09.60.010(c)(2).