*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| In the Matter of the Estate of | ) |
| | ) Supreme Court No. S-15561 |
| JAMES V. SEWARD. | ) |
| | ) Superior Court No. 3AN-13-02105 PR |
| | ) |
| | ) O P I N I O N |
| | ) |
| | ) No. 7260 – July 20, 2018 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Vincent E. Mock and Gaylene L. Mock, pro se, Lexington, Kentucky, Appellants. Donna C. Willard, Law Offices of Donna C. Willard, Personal Representative of the Estate of James V. Seward, Anchorage, Appellee. Dario Borghesan, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for Amicus Curiae State of Alaska.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

WINFREE, Justice.

## I.     INTRODUCTION

A man asserted in a probate proceeding that he was the decedent's son and requested a paternity determination. The personal representative opposed the request, arguing that a paternity determination could not be made in a probate proceeding and that this particular paternity determination was barred by a statute of limitations. The

superior court agreed that probate proceedings were not appropriate for paternity determinations and rejected the man's request, but it did not rule on the statute of limitations issue. The court later determined that the man was not an interested person to the probate proceeding and barred him from further participation.

On appeal, we held that paternity determinations can be made in probate proceedings; we then requested supplemental briefing on the statute of limitations issue. We now hold that a paternity determination request during a probate proceeding is not barred by any statute of limitations, and we remand for further proceedings consistent with this and our earlier decision.

## II.    FACTS AND PROCEEDINGS[1]

James V. Seward died in Anchorage in May 2013 at the age of 90.[2] Seward had executed a September 11, 2008 will appointing a personal representative and declaring that he had no spouse or children.[3] Seward's will was admitted for informal probate in September 2013.[4]

In October 2013 Vincent Mock and his mother, Gaylene Mock, began efforts in the probate proceeding to establish that Seward was Vincent's father.[5] Gaylene argued that she was a creditor of the estate, seeking back child support for raising

---

[1]     We set forth the full facts of this case in *Estate of Seward*, 401 P.3d 976, 979-82 (Alaska 2017).

[2]     *Id.* at 979.

[3]     *Id.*

[4]     *Id.*

[5]     *Id.*

Vincent.[6]  Vincent argued that the will was invalid and he was entitled by intestate succession to the entire estate, or, alternatively, that he was a pretermitted heir and entitled to a portion of the estate.[7]  The superior court ruled that paternity determinations could not be made in probate proceedings and rejected Vincent's requests.[8]  The superior court eventually ruled that Gaylene and Vincent were not interested persons to the probate proceeding and precluded them from making any further filings.[9]

Gaylene and Vincent appealed.  We affirmed in part in *Estate of Seward*, holding that Gaylene's creditor claim was barred by the statute of limitations and that Vincent was not entitled to intestate succession or relief as a pretermitted heir.[10]  But we also held that paternity determinations can be made in probate proceedings and that, as Vincent also had suggested, he might be entitled to a statutory exempt property allowance if he were Seward's son.[11]  We ended our decision by noting we would order supplemental briefing on whether Vincent's paternity determination for a statutory allowance might be barred by a statute of limitations, because the personal representative had argued in the superior court that all of Vincent's claims were so barred.[12]  We did

---

[6]     *Id.* at 980.

[7]     *Id.* at 979.

[8]     *Id.* at 980-82.

[9]     *Id.* at 982.

[10]    *Id.* at 984-87.

[11]    *Id.* at 983, 988.

[12]    *Id.* at 989-90.

so,[13] and also asked the State of Alaska to file an amicus curiae brief. We thank the State for its participation in this appeal.

## III.   STANDARDS OF REVIEW

How to interpret a statute is a legal question.[14] Whether a statute of limitations applies to a paternity determination is also a legal question.[15] We answer legal questions using our independent judgment, "adopting the rule of law most persuasive in light of precedent, reason, and policy."[16]

## IV.   DISCUSSION

### A.   A Paternity Determination In A Probate Proceeding Is Not A Separate Cause Of Action Subject To A Statute Of Limitations.

The first step in evaluating a statute of limitations defense is to examine the claim sought to be barred. We therefore begin our analysis by examining the exempt property allowance statute, AS 13.12.403.

This statute provides that when the decedent has no surviving spouse, "the decedent's children" are "entitled from the estate to a value, not exceeding $10,000 in

---

[13]     *Estate of Seward*, No. S-15561 (Alaska Supreme Court Order, July 7, 2017).

[14]     *State, Office of Pub. Advocacy v. Estate of Jean R.*, 371 P.3d 614, 618 (Alaska 2016).

[15]     *See Moffit v. Moffitt*, 341 P.3d 1102, 1104 (Alaska 2014) ("[W]e review de novo questions regarding the applicable statute of limitations, the interpretation of that statute, and whether that statute bars a claim." (alteration in original) (quoting *Gefre v. Davis Wright Tremaine, LLP*, 306 P.3d 1264, 1271 (Alaska 2013))); *see also Grober v. State, Dep't of Revenue, Child Support Enf't Div. ex rel. C.J.W.*, 956 P.2d 1230, 1232 (Alaska 1998) (reviewing de novo whether statute of limitations barred paternity action).

[16]     *GEICO v. Gonzalez*, 403 P.3d 1153, 1160 (Alaska 2017) (quoting *ConocoPhillips Alaska, Inc. v. Williams Alaska Petroleum, Inc.*, 322 P.3d 114, 122 (Alaska 2014)).

excess of security interests in the items, in household furniture, automobiles, furnishings, appliances, and personal effects."[17] Seward was not survived by a spouse; Vincent therefore is entitled to the allowance if he can show that he is one of "the decedent's children." The exempt property allowance statute does not define "children," but the probate code generally defines "child" to include "an individual entitled to take as a child . . . by intestate succession from the parent whose relationship is involved."[18] We therefore look to the probate code mechanism for establishing the parent-child relationship for purposes of intestate succession, AS 13.12.114, to determine whether Vincent could be a child under that provision.[19]

Alaska Statute 13.12.114(a) provides: "[F]or purposes of intestate succession by, through, or from a person, an individual is the child of the individual's natural parents, regardless of their marital status, and the parent and child relationship may be established as indicated under AS 25.20.050." Alaska Statute 25.20.050 in turn provides: "A child born out of wedlock is legitimated and considered the heir of the putative parent when . . . the putative parent is determined by a superior court without

---

[17]    AS 13.12.403.

[18]    AS 13.06.050(5).

[19]    The personal representative argues that we should not apply AS 13.12.114 here because its "for purposes of intestate succession" language can apply only to decedents without valid wills, and Seward had a valid will. It is true that "intestate succession" is usually understood as the statutory process for distributing an estate when a decedent left no will. But, as already discussed, the probate code includes individuals who may take by intestate succession in its class of exempt property allowance beneficiaries, so we must decide whether Vincent is such an individual by applying AS 13.12.114. We decline to adopt the personal representative's suggestion that the legislature provided a path for some, but not all, children born out of wedlock to prove their parentage, dependent only on whether a parent executed a valid will.

jury or by another tribunal, upon sufficient evidence, to be a parent of the child."[20] Finally, AS 13.12.114(d) qualifies: "To the extent there is a conflict between this section and either AS 25.20.050 or AS 25.23.130, this section controls."

Examining these various statutes together, Vincent's assertion of a right to the exempt property allowance turns on whether Seward is one of Vincent's "natural parents" under AS 13.12.114. We must therefore decide whether the language of AS 13.12.114 creates its own cause of action distinct from Vincent's assertion of right to the exempt property allowance. If it does, we will treat Vincent's paternity determination request as stating a separate cause of action and apply the appropriate statute of limitations to that action.

The plain language of AS 13.12.114 is best read as creating a procedure for establishing paternity, not as a separate cause of action. The statute begins with the phrase "for purposes of intestate succession." These words show that the statute is concerned with paternity to determine inheritance, not paternity for its own sake. Then the words "may be established as indicated under" provide a procedure for determining paternity — the procedure in AS 25.20.050. That statute is also procedural in nature, allowing a superior court to legitimate a child "without jury" and "upon sufficient evidence."[21] Alaska Statute 25.20.050 contemplates specific fact-finding rather than a general cause of action: subsection (e) refers to genetic testing "in proceedings in which paternity is contested"; subsection (g) refers to "an action where paternity is contested"; and subsection (a) refers simply to a "determin[ation] by a superior court without jury or by another tribunal." Thus, both the plain language of AS 13.12.114 and the language of AS 25.20.050, incorporated by reference, are best read as defining the process a court

---

[20]     AS 25.20.050(a)(4).

[21]     *See id.*

must follow to determine heirs to whom an estate devolves, not as providing a cause of action.

The personal representative urges us to decide differently, arguing that because Vincent must show that he is Seward's child, Vincent must necessarily prove his paternity in a separate action. We disagree with this analysis. Though outside the probate context we have referred to paternity determinations as paternity "actions,"[22] and though there is a slim textual basis for such a conclusion,[23] a distinct "paternity action" usually refers to a child support proceeding and not a paternity determination in and of itself.[24] In that sense the paternity determination is only one element of the child support claim, and a statute of limitations is relevant only because the child support claim itself is subject to a statute of limitations.[25] We never have described a paternity determination, standing apart from a child support action, as a separate paternity "action"

---

[22]    *See Grober v. State, Dep't of Revenue, Child Support Enf't Div., ex rel. C.J.W.*, 956 P.2d 1230, 1232 (Alaska 1998) ("[The child] was under the age of majority when the *cause of action arose*." (emphasis added)).

[23]    *See* AS 25.20.050(h) ("The tribunal *in a paternity action* shall give full faith and credit to a determination of a paternity made by another state." (emphasis added)).

[24]    *See Paternity Action*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("*See Paternity Suit.*"); *Paternity Suit*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("A court proceeding to determine whether a person is the father of a child (esp. one born out of wedlock), *usu. initiated by the mother in an effort to obtain child support.*" (emphasis added)).

[25]    *See Heustess v. Kelley-Heustess*, 259 P.3d 462, 468-69 (Alaska 2011) ("[Alaska Statute 09.10.100] applies to [this] claim for child support . . . .").

subject to a statute of limitations, and we will not do so now to interpret AS 13.12.114 as creating its own cause of action.[26]

Vincent was not required to bring a separate paternity cause of action to assert his right to the exempt property allowance.

**B.     Vincent Asserted His Right To The Exempt Property Allowance Within The Probate Code's Time Limits.**

Having decided that Vincent did not need to bring a separate paternity suit, the only remaining question is whether he timely asserted his right to the exempt property allowance.  We conclude that he did.

There are two relevant time bars in the probate code.  First, the non-claim statute provides that any "claim[] against a decedent's estate that arise[s] at or after the death of the decedent" is barred "within four months after it arises."[27]  Second, the estate-closing statutes limit the liability of the estate, distributees, and personal representative after the estate has closed.[28]  Neither time bar applies to Vincent.

The non-claim statute does not apply to the exempt property allowance. We have previously held that "family allowances" in the probate code are not "claims"

---

[26]     It seems likely that AS 25.20.050 itself should also be characterized as providing the procedure for establishing paternity for other causes of action.  As we explained above, paternity determinations can be considered elements of a cause of action, rather than as distinct causes of action in and of themselves.  But we do not have to resolve this question to decide this case because AS 13.12.114(d) provides that any "conflict between this section and . . . AS 25.20.050" is controlled by AS 13.12.114, and we do not interpret AS 13.12.114(a) as creating a separate cause of action.

[27]     AS 13.16.460(b)(2).

[28]     *See* AS 13.16.625-.645.

within the meaning of AS 13.06.050.[29]  We therefore now hold that assertions of right to the exempt property allowance are not "claims against a decedent's estate" within the meaning of AS 13.16.460(b).[30]

Vincent asserted his right to the exempt property allowance while the estate was still open.  The estate-closing statutes therefore do not apply to him.

The only remaining possible time bar is a statute of limitations from the code of civil procedure.  The personal representative argues that Vincent's claim is barred by such a statute because his claim accrued at his birth.  But statutes of limitations are not at issue here; assuming arguendo that a right to the exempt property allowance is a cause of action subject to a statute of limitations,[31] the cause of action would have accrued at Seward's death, not Vincent's birth.[32]  Even if we applied the personal representative's proposed two-year limitations period to Vincent's claim, Vincent would have been within the limitations period because Seward died in 2013 and Vincent

---

[29]     *See In re Hutchinson's Estate*, 577 P.2d 1074, 1075-76 (Alaska 1978).

[30]     Alaska Statute 13.06.050 contains general definitions for the probate code and provides that its definitions apply "[s]ubject to additional definitions" or "unless the context otherwise requires."  Alaska Statute 13.16.460 does not contain any "additional definitions," and the context does not require a different definition of "claim."  We are therefore bound to follow our holding in *Hutchinson* in this appeal.

[31]     We note that this exception should not be taken for granted; AS 09.10.010 provides that "[a] person may not commence a civil action except within the periods prescribed in this chapter after the cause of action has accrued, *except when, in special cases, a different limitation is prescribed by statute*."  (Emphasis added.)  The probate code's unique time bars likely are one such "special case."

[32]     *See Christianson v. Conrad-Houston Ins.*, 318 P.3d 390, 396 (Alaska 2014) ("A statute of limitations usually begins to run upon the occurrence of the last element essential to the cause of action.").  The exempt property allowance does not come into existence until there is a "decedent"; a child is not entitled to the allowance while the parent is alive.  AS 13.12.403.

asserted his rights the same year. Vincent's claim is not time-barred by a statute of limitations.

### C. Remand Is The Appropriate Disposition.

Because Vincent is not entitled to the exempt property allowance unless he establishes Seward's paternity, we remand the case to the superior court for a paternity determination in conformity with AS 13.12.114. The personal representative urges us not to remand, arguing that AS 25.20.050 requires a DNA match "probability of 95% or higher" to establish paternity and that Vincent cannot meet the burden of proof. But the personal representative's interpretation is incorrect; a 95% probability only creates a presumption of parentage that may be rebutted by clear and convincing evidence.[33] In fact, genetic testing is not required by AS 25.20.050(a) to establish parentage; it need only be considered if offered.[34] On remand Vincent may attempt to prove paternity in conformity with AS 13.12.114 and AS 25.20.050 even without genetic testing results, if such results are unavailable.

## V. CONCLUSION

We REVERSE the superior court's ruling that Vincent may not seek a paternity determination in the probate proceeding and REMAND for further proceedings consistent with this and our earlier opinion.

---

[33] *See* AS 25.20.050(d) ("[A] genetic test described in this subsection that establishes a probability of parentage at 95 percent or higher creates a presumption of parentage that may be rebutted only by clear and convincing evidence.").

[34] *See* AS 25.20.050(e) (providing that court shall order testing "*upon request of* . . . a party," not in all cases (emphasis added)).