CARNEY, Justice.
I. INTRODUCTION
After a limited liability company and its individual members failed to make payments on a real estate loan, the lender sued. One member, Kenneth Duffus, cross-claimed against a second member, Lee Baker, Jr., alleging breach of contract and tort claims related to the management of the business. Baker counterclaimed against Duffus, also alleging breach of contract and tort claims. After several years of litigation, only the claims by and between Duffus and Baker remained; the superior court granted partial summary judgment to Duffus, finding that the statutes of limitation barred Baker's counterclaims. A trial jury found against Baker on Duffus's breach of contract and tort claims, and awarded damages to Duffus. Baker appeals the grant of summary judgment and a number of procedural issues from the trial. Because it was error to conclude that Baker's claims were not compulsory counterclaims, thus changing the statutes of limitation analysis, we reverse the superior court's grant of summary judgment, vacate the judgment, and remand for a new trial on both Duffus's cross-claims and Baker's counterclaims.
II. FACTS AND PROCEEDINGS
A. Facts
Lee Baker, Jr., Lynn Lythgoe, and Kenneth Duffus are former business associates. They met in 2004, discussed developing residential property in Anchorage, and established Harvest Properties, LLC to purchase and develop a property. The LLC members were experienced in fields related to real estate development: Baker owned a construction company and was in charge of financing; and Duffus either had incorporated or was president of two engineering firms and was in charge of engineering.
The LLC members intended to purchase property referred to as Prominence Pointe, subdivide it into smaller residential lots, and sell the lots. Harvest obtained a $4.5 million loan from First National Bank Alaska (FNBA) to purchase the property, and the LLC members personally guaranteed the loan. But the Prominence Pointe project was never completed and Harvest was unable to make its required payments to FNBA.
B. Proceedings
On July 10, 2007, FNBA sued Harvest and the three LLC members in superior court after Harvest failed to make payments. Duffus answered FNBA's complaint on September 28; Baker answered on October 8. Later that month Duffus filed an amended answer and cross-complaint against Baker and Lythgoe. In his cross-complaint Duffus alleged that Baker and Lythgoe had failed to make required capital contributions to Harvest and that FNBA should therefore obtain recovery only from Harvest, Lythgoe, and Baker. Duffus also sought judgment against Baker and Lythgoe individually, seeking equitable contributions from them in the event that he paid more than his pro rata share of the FNBA debt.
Baker answered the cross-complaint a year later, in November 2008. He asserted that Duffus's cross-complaint failed to state a claim for relief and that individual members of Harvest could not sue to enforce capital contribution obligations. Baker amended his answer two months later to add claims against FNBA.
In late 2010 FNBA entered into settlements with Baker and Duffus, with the parties stipulating to dismissals of claims and *435 FNBA's withdrawal from the litigation. Lythgoe was dismissed from the proceedings following his Chapter 11 bankruptcy. Harvest was later dismissed as a party during the trial between Duffus and Baker.
In April 2012 the parties stipulated to stay the case pending the resolution of unrelated criminal charges against Baker. At a status hearing in April 2013, the superior court scheduled trial for April 2014.
In October 2013 Duffus moved to amend his cross-complaint, adding additional cross-claims for breach of contract, breach of the duty of good faith, breach of the fiduciary duty of care, breach of the duty of loyalty, conversion, and unfair trade practices. Baker opposed the motion, arguing the new cross-claims made "an entirely new lawsuit based on entirely different theories than the original cross-claims." In December the superior court granted Duffus's motion. Baker answered the amended cross-complaint and added new counterclaims in February 2015, over a year after Duffus filed his amended cross-complaint. Baker alleged breach of fiduciary duty, breach of the duty of good faith, fraudulent misrepresentation, and unfair trade practices against Duffus.
In March 2015 Duffus moved to dismiss Baker's counterclaims pursuant to Alaska Civil Rule 12(b)(6), arguing that all of Baker's claims were barred by the relevant statutes of limitation. The court denied the motion in January 2016.
In February 2016 Duffus moved for summary judgment based upon the statutes of limitation. Baker opposed summary judgment, arguing that his counterclaims related back to the filing of FNBA's original complaint in 2007 or "at the minimum" to Duffus's 2007 cross-complaint. The superior court granted Duffus's motion in May, ruling that the counterclaims did not relate back to either the original FNBA complaint or Duffus's 2007 cross-complaint because they did not satisfy the compulsory counterclaims test and that the statutes of limitation on all four of Baker's counterclaims had run.
At the conclusion of a six-day trial, the jury returned a special verdict finding Baker liable for breach of contract, breach of the covenant of good faith and fair dealing, breach of the fiduciary duty of care, conversion, and unfair or deceptive acts or practices. The jury awarded damages of $170,917 for Baker's breach of contract; $174,466.67 for breach of the covenant of good faith; and $300,000 for breach of the fiduciary duty of care. The superior court entered a final judgment for $1,228,170.64, which included the jury's award, treble damages under the Unfair Trade Practices and Consumer Protection Act (UTPA),[1] prejudgment interest, attorney's fees, and costs.
Baker appeals the grant of summary judgment and the court's decisions on a number of procedural issues.[2]
III. STANDARD OF REVIEW
"We review a grant of summary judgment de novo."[3] Interpreting the Alaska Civil Rules "presents a question of law that we review de novo."[4] "[W]e review de novo whether an amendment satisfies Rule 15(c)'s requirements for relation back."[5]
IV. DISCUSSION
A. It Was Error Not To Determine Whether Baker's 2015 Counterclaims Were Compulsory To Duffus's 2013 Amended Cross-Complaint.
The superior court granted Duffus's motion to amend his cross-complaint in December 2013. Duffus's amendment gave Baker the right to respond to the new cross-claims, including the right to bring any claims *436 against Duffus that were compulsory to the newly asserted cross-claims.[6] Baker's answer for the first time asserted counterclaims against Duffus. In response, Duffus moved to dismiss all of Baker's counterclaims as untimely because their respective statutes of limitation had run. After his motion to dismiss was denied, Duffus moved for summary judgment on the same grounds.
In ruling on the summary judgment motion, the superior court considered only whether Baker's claims were compulsory to the 2007 FNBA complaint and Duffus's 2007 cross-claim alleging that Baker failed to make capital contributions to Harvest. But the operative pleading at the time of the summary judgment motion was Duffus's 2013 amended cross-complaint.[7] To determine whether Baker's claims were permitted as compulsory counterclaims, the court needed to analyze whether they were compulsory to the cross-claims in Duffus's 2013 amended cross-complaint.[8]
Whether counterclaims are compulsory is a question of law.[9] Alaska Civil Rule 13 governs counterclaims and cross-claims.[10] Under Rule 13(a) a counterclaim is compulsory if it arises out of the same transaction or occurrence as the opposing party's claim.[11] Claims arise out of the same transaction or occurrence if there is a " 'logical relationship' between the claims."[12] To determine whether claims share a logical relationship we consider whether one party's ability to recover his or her alleged damages "depend[s] on the success or failure of [the other party's] claims"[13] and whether "a decision on [the] counterclaims was ... necessary to the result in [the original] suit."[14]
Baker's 2015 counterclaims are logically related to Duffus's 2013 cross-claims. In his 2013 cross-claims Duffus alleged that Baker failed to make contractually required capital contributions, breached the fiduciary duty of care as manager of the LLC, breached the duty of loyalty, and that Baker's actions amounted to conversion and UTPA violations. These claims all related to Baker's management responsibilities and duties with respect to the LLC, and can only be read to assert that Baker caused the Prominence Pointe project's ultimate failure and the alleged harm to Duffus that resulted.[15]
*437 Baker asserted in his 2015 counterclaims that Duffus caused the Prominence Point project's failure because of his negligent engineering and false representations that the property could be subdivided into more individual lots than was feasible. In his opposition to Duffus's motion for summary judgment, Baker also argued that his 2015 counterclaims related back and were in response to several of the cross-claims from Duffus's 2013 pleading. Thus, Duffus's 2013 cross-claims and Baker's 2015 counterclaims meet the logical-relationship test because they rely on opposing theories of causation. Because each party's ability to recover damages "depend[s] on the success or failure of [the other's] claim," their claims are compulsory to each other.[16]
But the superior court never considered whether Baker's counterclaims were compulsory to Duffus's 2013 cross-claims. It was error for the court to consider only whether Baker's counterclaims were compulsory to FNBA's original claim and Duffus's 2007 cross-complaint. We therefore vacate the court's grant of summary judgment prohibiting Baker from asserting his counterclaims against Duffus.
B. Baker's Compulsory Counterclaims Relate Back.
1. Rule 15(c) is self-executing.
Because it did not consider whether Baker's counterclaims were compulsory to the proper pleadings, the superior court did not determine whether they related back. To determine whether Baker's counterclaims relate back to Duffus's 2013 cross-claims, it is necessary to look to Alaska Civil Rule 15(c), which governs when an amended pleading relates back.[17]
Federal Rule of Civil Procedure 15(c) states: "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that [is compulsory]."[18] Alaska Rule 15(c) uses similar language: "Whenever the claim or defense in the amended pleading [is compulsory], the amendment relates back to the date of the original pleading."[19] We have not previously had occasion to consider precisely how Alaska Rule 15(c) operates, but the United States Supreme Court has held that Federal Rule 15(c) is self-executing.[20] Additionally, the use of the word "whenever" in Alaska Rule 15(c) indicates that it applies automatically in such circumstances. Therefore, by its terms, Rule 15(c) is self-executing and will automatically relate back a claim or defense if it is compulsory.
We determined that Baker's counterclaims were compulsory to Duffus's 2013 cross-claims because they were logically related. And they were logically related because they arose from the same transaction or occurrence. Baker's counterclaims therefore automatically relate back to Duffus's 2013 cross-claims because they were compulsory.[21]
2. Baker's counterclaims are not barred by statutes of limitation.
Because Duffus originally filed suit against Baker in 2007, any statutes of limitation applicable to his claims and Baker's subsequent defenses and counterclaims would have run by 2009 or 2010.[22] For Baker to *438 "escape the bar of the ... statute[s] of limitation[ ]," his counterclaims must relate back to Duffus's original 2007 cross-complaint.[23] We established that Baker's counterclaims were compulsory and therefore relate back to Duffus's 2013 cross-claims. Whether Baker's counterclaims are barred by the statutes of limitation therefore depends upon whether Duffus's 2013 cross-claims relate back to his original 2007 cross-complaint.
Like determining whether counterclaims are compulsory, determining whether amended pleadings relate back is a question of law that we review de novo.[24] Comparing Duffus's 2013 amended cross-complaint with his original 2007 cross-complaint demonstrates that it relates back. Duffus's 2007 cross-complaint primarily focused on the operating agreement and each LLC member's duty to make capital contributions to Harvest. His 2013 amended cross-complaint expanded on these 2007 claims not only by incorporating the original claim that Baker failed to make contractually required capital contributions, but also by adding new claims of breach of fiduciary duty, breach of the duty of loyalty, and other general conversion and UTPA claims that specifically focused on the LLC's losses allegedly caused by Baker. Both of Duffus's pleadings focused on the transactions or occurrences that caused the LLC's losses; Duffus's 2013 cross-claims therefore relate back to his 2007 original cross-complaint.
Because Baker's counterclaims relate back to Duffus's 2013 amended cross-complaint, and Duffus's 2013 amended cross-complaint relates back to his original 2007 cross-complaint, Baker's counterclaims likewise relate back to Duffus's original 2007 cross-complaint. Relating back to the 2007 cross-complaint allows Baker to "escape the bar of the ... statute[s] of limitation[ ]."[25]
V. CONCLUSION
We REVERSE the superior court's grant of summary judgment on Baker's claims because it was error to determine that his 2015 counterclaims were not compulsory to Duffus's 2013 cross-claims, VACATE the judgment, and REMAND for a new trial because both Duffus's 2013 cross-claims and Baker's 2015 counterclaims relate back to Duffus's original 2007 cross-complaint.

See AS 45.50.531(a).

Baker's other points on appeal relate to pretrial and trial rulings. Because we vacate summary judgment and hold that Baker's counterclaims relate back, these issues have been rendered moot.

Mitchell v. Teck Cominco Alaska Inc. , 193 P.3d 751, 757 (Alaska 2008) (citing Miller v. Safeway, Inc. , 170 P.3d 655, 658 (Alaska 2007) ).

Ellingstad v. State, Dep't of Nat. Res. , 979 P.2d 1000, 1004 (Alaska 1999) ; see also City of Kodiak v. Parish , 986 P.2d 201, 202 (Alaska 1999).

Sellers v. Kurdilla , 377 P.3d 1, 7 (Alaska 2016).

See Alaska R. Civ. P. 15(a) (requiring party to plead in response to amended pleading either within time remaining to respond to original pleading or within 10 days of service of amended pleading, whichever is longer, unless the court orders otherwise); Thompson's Estate v. Mercedes-Benz, Inc. , 514 P.2d 1269, 1272 (Alaska 1973) (holding that adding cross-complaint to original answer qualifies as amended pleading governed by Rule 15 ).

See Alaska R. Civ. P. 15(a) (containing nearly identical language to Fed. R. Civ. P. 15(a) ); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2018) ("A pleading that has been amended under [Federal Rule of Civil Procedure] 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); Thompson's Estate , 514 P.2d at 1272 (finding that cross-claim amended original answer and treating cross-claim as amended pleading under Alaska Civil Rule 15 ); see also Musser v. Wells Fargo Home Mortg., Inc. , No. S-12155, 2008 WL 1914375, at *3 (Alaska Apr. 30, 2008) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ) (acknowledging in an unpublished decision that "an amended complaint supersedes earlier pleadings").

See Alaska R. Civ. P. 13, 15(c).

See Ellingstad , 979 P.2d at 1004.

See Alaska R. Civ. P. 13.

Alaska R. Civ. P. 13(a) :
Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Domke v. Alyeska Pipeline Serv. Co. , 137 P.3d 295, 301 (Alaska 2006) (quoting Ellingstad , 979 P.2d at 1010 ).

Id. at 302.

Id.

See Recreational Data Servs. Inc. v. Trimble Navigation Ltd. , 404 P.3d 120, 132-36 (Alaska 2017) (discussing the causation element of breach of contract and breach of fiduciary duty claims).

Domke , 137 P.3d at 302.

Alaska R. Civ. P. 15(c) ; see also MacDonald v. Riggs , 166 P.3d 12, 17-18 (Alaska 2007) ("[I]f [a] counterclaim is compulsory, it will relate back."); Domke , 137 P.3d at 301 ("A compulsory counterclaim relates back ... a permissive counterclaim does not.").

Fed. R. Civ. P. 15(c)(1)(B).

Alaska R. Civ. P. 15(c).

Krupski v. Costa Crociere S. p. A. , 560 U.S. 538, 553, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010) ("Rule [15(c) ] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion."); see also Sellers v. Kurdilla , 377 P.3d 1, 6 n.4 (Alaska 2016) (quoting affirmatively Krupski , 560 U.S. at 553, 130 S.Ct. 2485 ).

See Alaska R. Civ. P. 13(a) ; Domke , 137 P.3d at 301-02.

See AS 45.50.531(f) (establishing a two-year statute of limitations for UTPA claims); AS 09.10.053 (establishing a three-year statute of limitations for breach of contract and liability claims); AS 09.10.070(a)(3) (establishing a two-year statute of limitations for conversion and other general tort claims).

See Magestro v. State, 785 P.2d 1211, 1213 (Alaska 1990) ("Since the State properly raised the statute of limitations defense, we must next determine whether the proposed amendments relate back under Rule 15(c) and thus escape the bar of the ... statute of limitations.").

Kurdilla , 377 P.3d at 7.

Magestro, 785 P.2d at 1212.