NOTICE
*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ANNE P. MULLIGAN, | ) |
| | ) Supreme Court No. S-17665 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-19-05296 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| MUNICIPALITY OF ANCHORAGE, | ) AND JUDGMENT* |
| ANCHORAGE POLICE DEPARTMENT,) | |
| | ) No. 1847 – September 15, 2021 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jennifer Henderson, Judge.

Appearances: Anne P. Mulligan, pro se, Anchorage, Appellant. Ruth Botstein, Assistant Municipal Attorney and Kathryn R. Vogel, Municipal Attorney, Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Borghesan, Justices. [Carney, Justice, not participating.]

## I.    INTRODUCTION

A self-represented litigant sued the Municipality of Anchorage and the Anchorage Police Department (APD) for the use of excessive force. The superior court dismissed the complaint, concluding it was barred by the statute of limitations, and denied the subsequent motion for reconsideration. We affirm.

---

\*    Entered under Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

Anne P. Mulligan is the plaintiff in this case. In the course of these proceedings, Mulligan filed three pleadings containing very different factual allegations: the original complaint, a pleading entitled "Factual Basis for Claim," and a pleading entitled "Motion Regarding Opportunity to Amend Complaint."

In Mulligan's original single-sentence complaint filed on February 21, 2019, she alleged that APD paid members of the KKK to assassinate her.[1] In response, the Municipality filed a motion under Alaska Civil Rule 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted.

On July 9, 2019, the superior court ordered the February 2019 complaint consolidated with another substantially similar complaint.[2] Noting that the Municipality had filed motions to dismiss both complaints, the court stated it was "inclined to grant these motions." The court informed Mulligan of her obligation to respond, warning it would dismiss the case if she did not oppose the motions.

Mulligan filed a pleading entitled "Amended Certificate of Service for Factual Basis for Claim." There Mulligan claimed that two APD officers "used excessive force" on her on April 17, 2017. She alleged that during the arrest she "did tense up because she wasn't expecting to be grabbed so hard" and described her resulting injuries as a "left shoulder sprain and a separation," as well as "marks under [her] breasts that were very tender and sore." Additionally, she claimed that "[i]n either 1988 or 1989

---

[1] The entire complaint reads verbatim: "APD paid members of the KKK who currently work as APD, Palmer Wasilla Police Officers, Alaska State Troopers, staff at AK Regional Hospital to have Anne P. Mulligan assainated on April 16, 2017 at the Carrs Jewel Lake located on 4000 W Diamond Blvd., Anchorage, AK 99502."

[2] The complaint for the other consolidated action is not contained in the record on appeal.

this same situation . . . occurred with the same officers." She reiterated her claim that the officers were active members of the KKK but did not mention the previously alleged conspiracy to assassinate her paid for by APD. Finally, she described her efforts to seek medical attention, complaints she filed with various agencies about the incident, and several incidents in the news regarding discrimination, retaliation, and sexual abuse by APD or its officers.

In response to this pleading, the superior court invited Mulligan to amend her complaint. Noting that Mulligan's claims were still unclear, the court advised that Mulligan "may file an amended complaint, as a single, 'short and plain' document . . . which specifies her civil claim(s) against APD and the alleged supporting facts."

On August 23, 2019, Mulligan filed a document entitled "Motion Regarding Opportunity to Amend Complaint" that provided additional details about her interaction with APD on April 17, 2017. She alleged that after a Carrs employee accused her of loitering and called the police, the responding officer pulled the table she was sitting at away from her. As she was leaving, one of the officers also allegedly "grabbed Ms. Mulligan's left arm by use of excessive force at which time Ms. Mulligan did tense up because Ms. Mulligan wasn't expecting [the officer] to grab her arm with such force." Mulligan alleged that she was placed in handcuffs, her face "was numb and tingling," and her upper body and wrists were in pain. She then described her attempts to obtain medical treatment and her diagnosis of a left shoulder strain and separation. Mulligan did not mention an assassination conspiracy as she had in her original complaint.

The superior court invited the Municipality to respond, noting that "[t]aking Ms. Mulligan's *Motion* as what may be the substance of an amended complaint, Ms. Mulligan now appears to state a single claim against APD for excessive use of force." The Municipality filed another motion to dismiss pursuant to Rule 12(b)(6), arguing that Mulligan failed to state a claim of excessive force and that such a claim

would be time-barred.  The court granted the Municipality's motion to dismiss with prejudice.  The superior court denied Mulligan's subsequent motion for reconsideration without comment.

Mulligan appeals.

## III.    DISCUSSION

### A.    Mulligan's Claim For Excessive Force Is Barred By The Statute Of Limitations.

Mulligan's pleading labeled "Motion Regarding Opportunity to Amend Complaint" can best be described as an amended complaint,[3] which supersedes the factual allegations in prior pleadings.[4]  It was filed in response to the superior court's invitation to "file an amended complaint."  After receiving the pleading, the superior court wrote that "Mulligan now appears to state a single claim against APD for excessive use of force."  If Mulligan disagreed with this characterization, she could have registered her opposition in her response to the Municipality's motion to dismiss.  Instead Mulligan responded to the Municipality's arguments regarding the statute of limitations and reiterated the facts she had previously alleged.  The only claim remaining before the superior court was a single claim of excessive force.[5]

---

[3]       *See* Alaska R. Civ. P. 15 (rule about amending complaint).

[4]       *See Baker v. Duffus*, 441 P.3d 432, 436 & n.7 (Alaska 2019) (holding that amended complaint was "operative pleading").  "A pleading that has been amended under [Federal Rule of Civil Procedure] Rule 15(a) supersedes the pleading it modifies . . . ."  *Id.* (first alteration in original) (quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2018)).

[5]       We also agree with the Municipality that Mulligan has raised several issues for the first time on appeal, "including false arrest, hate crimes, civil rights violations, abuse of power, APD employment issues, and an alleged cover-up by the Alaska Court

(continued...)

If a claim is not filed within the applicable statute of limitations, dismissal is proper[6] even if the plaintiff is self-represented.[7] Here, the Municipality argues that Mulligan's lawsuit is time-barred because her claim for excessive force does not "relate back" to the filing date of her original complaint under Alaska Civil Rule 15(c).[8] Mulligan claims she filed within the statutory period without elaborating on this argument or mentioning the relation-back doctrine.[9]

"This court exercises its independent judgment when interpreting and applying statutes of limitation."[10] "[W]e review de novo whether an amendment satisfies

---

[5]     (...continued)
System." "A party may not raise an issue for the first time on appeal." *Brandon v. Corr. Corp. of Am.*, 28 P.3d 269, 280 (Alaska 2001). These arguments are waived.

[6]     *See Jenkins v. Daniels*, 751 P.2d 19, 24 (Alaska 1988) (dismissing civil rights claims because they were time-barred by applicable personal injury statute of limitations).

[7]     *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[8]     Alaska R. Civ. P. 15(c) ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.").

[9]     Although Mulligan failed to provide any argument regarding the relation-back doctrine, we address the merits of this argument because this is a question of law and pleadings by self-represented litigants are viewed with more leniency. *See Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

[10]     *Richardson v. Municipality of Anchorage*, 360 P.3d 79, 84 (Alaska 2015) (quoting *Brotherton v. Brotherton*, 142 P.3d 1187, 1189 (Alaska 2006)).

Rule 15(c)'s requirements for relation back."[11]  The statute of limitations for excessive force claims under either federal or state law is two years.[12]  Mulligan's action for excessive force accrued when the force was applied on April 17, 2017,[13] so the latest date Mulligan could have filed her excessive force claim was April 17, 2019.  As the superior court observed, no specific allegation of excessive force was made in the original complaint, which was the only pleading filed before April 17, 2019.

The only way that Mulligan's excessive force claim could be timely is if the excessive force claim from her amended complaint related back to the filing of the original complaint under Rule 15(c).  "Whenever the claim or defense asserted in the amended pleading ar[i]se[s] out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."[14]  "Claims arise out of the same transaction or occurrence if there is a ' "logical relationship" between the claims.' "[15]  The original complaint must give "fair notice of the general fact situation out of which the claim arises" so that "the defendant will not be deprived of any protection which the state statute of limitations was

---

[11]    *Baker v. Duffus*, 441 P.3d 432, 435 (Alaska 2019) (alteration in original) (quoting *Sellers v. Kurdilla*, 377 P.3d 1, 7 (Alaska 2016)).

[12]    *Jenkins v. Daniels*, 751 P.2d 19, 24 (Alaska 1988) (noting two-year statute of limitations for personal injury actions in AS 09.10.070 applies to excessive force actions brought under either Alaska or federal law).

[13]    *See Richardson*, 360 P.3d at 85 (holding claim for injuries caused by police officers accrued on date of injury).

[14]    Alaska R. Civ. P. 15(c).

[15]    *Baker*, 441 P.3d at 436 (quoting *Domke v. Alyeska Pipeline Serv. Co.*, 137 P.3d 295, 301 (Alaska 2006)).

designed to afford him."[16]

The sole allegation in the original complaint is that APD paid members of the KKK — who were then employed as APD officers, Palmer-Wasilla police officers, Alaska State Troopers, and staff at Alaska Regional Hospital — to assassinate Mulligan at the Carrs grocery on April 16, 2017. This alleged assassination plot occurred at the same location and on the day before the excessive force claim described in later pleadings. But the nature of the conduct in these two sets of allegations is entirely different. The original complaint alleges a coordinated and premeditated plot to kill Mulligan. The amended complaint alleges an arrest that involved an officer pulling a table away from Mulligan, grabbing her left shoulder, and handcuffing her. Mulligan's original allegation of a multi-agency conspiracy with the KKK to assassinate her simply does not put the Municipality on notice that it is being sued for excessive force arising from an arrest by individual officers, even if the time and place of the alleged incidents are similar. The superior court did not err in ruling that the excessive force claim does not relate back to the original complaint.

**B.     It Was Not An Abuse Of Discretion To Deny Mulligan's Motion For Reconsideration.**

Under Alaska Civil Rule 77(k)(2), a "motion for reconsideration shall specifically state which of the [enumerated] grounds for reconsideration . . . the movant wishes the court to consider." "A litigant may not introduce new evidence or arguments in the motion,"[17] and "[i]ssues raised for the first time in a motion for reconsideration are

---

[16]     *Phillips v. Gieringer*, 108 P.3d 889, 893 (Alaska 2005) (quoting *Farmer v. State*, 788 P.2d 43, 47 (Alaska 1990)).

[17]     *Stephan P. v. Cecilia A.*, 464 P.3d 266, 274 (Alaska 2020).

untimely."[18]  This court reviews denial of a motion for reconsideration for abuse of discretion.[19]

Mulligan's motion for reconsideration recites factual allegations from the original complaint, factual allegations from the amended complaint, and entirely new factual allegations. Factual allegations from previous filings that were superseded by the amended complaint cannot be the basis to reconsider dismissal of the amended complaint.[20] And new evidence, arguments, and issues cannot be raised in a motion for reconsideration.[21] As for the factual allegations and arguments consistent with Mulligan's amended complaint, Mulligan did not specify which of Rule 77(k)'s grounds to reconsider applied or explain how these allegations and arguments pertain to the superior court's ruling on timeliness. It was not an abuse of discretion to deny Mulligan's motion for reconsideration.

## IV.  CONCLUSION

We AFFIRM the judgment of the superior court.

---

[18]  *DeNardo v. GCI Commc'n Corp.*, 983 P.2d 1288, 1290 (Alaska 1999).

[19]  *Brett M. v. Amanda M.*, 445 P.3d 1005, 1014 (Alaska 2019).

[20]  *See Baker*, 441 P.3d at 436 & n.7.

[21]  *Hodari v. State, Dep't of Corr.*, 407 P.3d 468, 472 (Alaska 2017) ("[C]ourts will ordinarily not consider new evidence in a motion for reconsideration.").